182 So.2d 517

**STATE of Louisiana**

v.

**Ann Corrine SHARP.**

No. 47908.

Jan. 17, 1966.

Rehearing Denied Feb. 23, 1966.

Maurice R. Woulfe, Bernard E. Burk, New Orleans, for defendant and appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

Ann Corrine Sharp was charged under LRS 14:87 with performing on February 23, 1963 an abortion upon a pregnant female by the use of an instrument and packing, for the purpose of procuring premature delivery of an embryo. Tried and convicted, she was sentenced to serve three years at hard labor in the state penitentiary. This appeal followed.

The brief of defense counsel filed in this court asserts, and the record reflects, that during the trial a number of "bills of exceptions were reserved to the ruling of the trial Court in allowing the District Attorney to refer to other alleged acts of abortions committed by defendant upon other females not connected with the charge in the information upon which defendant was being tried. And in permitting these females to testify to these alleged abortions performed by defendant upon them." A bill was also taken to the overruling of defendant's motion for a new trial, the motion being based on the same specified error referred to in each of the other bills.

In other words defense counsel contends here, as he did in the trial court, that "R.S.

14:87 defining the offense of abortion, did not contain any specific intent" and, therefore, the introduction of evidence showing other alleged acts of abortion constituted prejudicial error.

There is no merit in this contention. LRS 14:87, as it read when the charged offense was committed, defined abortion as the performance of certain acts *"for the purpose of procuring premature delivery of the embryo or fetus;  *  *  *."* In State v. Pailet, 246 La. 483, 165 So.2d 294, the defendant was charged with the crime of abortion, the statute there being the same as that under which this accused was convicted. The trial court permitted the state to show other acts of abortion committed by such defendant. On an appeal from her conviction she made the identical contention as is presented here. Answering, we said: " *  *  * since the crime is only committed when there is a purpose to procure premature delivery, intent is an essential ingredient of the offense. This being so, the evidence of other abortions performed by appellant was clearly admissible under the specific provisions of R.S. 15:445 and 446.  *  *  *"

Defendant attempts to distinguish the Pailet case by arguing that the court there held the evidence admissible solely because of the defense urged in the opening statement of defense counsel. We do not so interpret the Pailet opinion. What we said was that because a specific intent was necessary in the commission of abortion the evidence offered in that case was admissible to prove such intent, *particularly* so inasmuch as the accused's attorney had indicated in his opening statement that the defense would show lack of the required criminal intent. Our having noted the last mentioned reason for allowing the introduction of the evidence to show intent did not detract from the basic holding that a specific intent was a necessary ingredient of the offense of abortion.

LRS 14:87 has since been amended by Act 167 of 1964 so that it now provides that the crime of abortion is committed by the performing of certain acts (the same as those enumerated in the original provisions), *"with the intent* of procuring premature delivery  *  *  *."* Such an amendment in no way affects our holding in the Pailet case. Rather, it strengthens our conclusion there that the Legislature meant originally to require a specific intent. The substitution of the word "intent" for "purpose" in no way changed the abortion statute. The two words are virtually synonymous. Thus, in the 1961 Edition of Webster's Third New International Dictionary each word is given as a synonym for the other.

For the reasons assigned the conviction and sentence are affirmed.

HAMLIN, J., recused.