217 So.2d 369

STATE of Louisiana

v.

Elrick Joseph MANUEL.

No. 49212.

Dec. 16, 1968.

Rehearing Denied Jan. 20, 1969.

Philip J. Shaheen, Jr., Lake Charles, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Jack W. Caskey, Asst. Dist. Attys., for appellee.

SANDERS, Justice.

The Calcasieu Parish Grand Jury indicted Elrick Joseph Manuel for the murder of Isabelle Courville. After indictment, he applied for preliminary hearing, which the court denied. Upon trial, the jury returned a verdict of guilty without capital punishment. The trial judge sentenced him to life imprisonment. He has appealed, relying upon five bills of exceptions reserved during the trial.

*Bill of Exceptions No. 1:*
*denial of preliminary hearing*

The defendant reserved this bill of exceptions to the overruling of his motion for a preliminary hearing. He contends that a preliminary hearing would have allowed him to better appraise the State's evidence and assisted him in preparing his defense.

Article 292 of the Louisiana Code of Criminal Procedure provides:

"Before the finding of an indictment or the filing of an information the court, on request of the state or of the defendant, shall immediately order a preliminary examination in felony cases.

"After the finding of an indictment or the filing of an information an order for a preliminary examination in felony cases may be granted by the court at any time either on its own motion or on request of the state or of the defendant."

Since defendant filed his motion after indictment, the granting of a preliminary hearing was discretionary. After considering all the circumstances, the trial judge concluded no useful purpose would be served by such a hearing. We find no error in this ruling.

### Bill of Exceptions No. 2:
### pretrial discovery of confession

Defendant reserved this bill of exceptions to the overruling of his pre-trial motion for the production of defendant's confession to law enforcement officers.

The record discloses that defendant refused to give a written or signed statement concerning the crime to the two investigating officers. He did, however, orally relate to these officers the events surrounding the crime. No attempt was made to record the statement verbatim, but one of the officers made some notes during the narration. Later, from these notes and the officers' memory, he typed a report, in the form of a statement by the officers, giving the circumstances surrounding the confession and the gist of it. Both officers signed the report. The officers then destroyed the notes.

■ The notes and reports of law enforcement officers during a criminal investigation are privileged and immune from pre-trial inspection by the defendant. State v. Pailet, 246 La. 483, 165 So.2d 294; State v. Mattio, 212 La. 284, 31 So.2d 801, cert.

denied, 332 U.S. 818, 68 S.Ct. 145, 92 L. Ed. 395.

■ Defendant contends that since the report contained the essence of the confession, it was subject to pre-trial discovery under a logical extension of our decision in State v. Dorsey, 207 La. 928, 22 So.2d 273, requiring the production of written confessions. Despite the written report, we view the confession as an oral one. Such a confession, under the well-established jurisprudence, is exempt from pre-trial discovery. State v. Hunter, 250 La. 295, 195 So.2d 273; State v. Johnson, 249 La. 950, 192 So.2d 135; State v. Bickham, 239 La. 1094, 121 So.2d 207, cert. denied, 364 U.S. 874, 81 S.Ct. 123, 5 L.Ed.2d 98; State v. Lea, 228 La. 724, 84 So.2d 169, cert. denied, 350 U.S. 1007, 76 S.Ct. 655, 100 L.Ed. 869.

### Bill of Exceptions No. 3:
### production of the typed report
### at the trial

■ During the trial, Deputy Barrios testified as to the oral confession of the defendant. The report typed during his investigation was neither offered in evidence nor used to refresh his memory. After the Court overruled defendant's motion to produce the statement, defendant reserved a Bill of Exceptions.

Since the report containing the statement was not used at the trial, defendant was entitled to its production only upon lay-

ing a foundation of contradiction as required by LSA–R.S. 15:493. State v. Bonner, 252 La. 200, 210 So.2d 319; State v. Young, 249 La. 1053, 193 So.2d 243. The defendant laid no foundation in the present case. Hence, the ruling of the trial judge was correct.

### Bill of Exceptions No. 4: admissibility of oral confession

Defendant reserved Bill of Exceptions No. 4 to the ruling of the trial judge that the oral confession was voluntary and admissible in evidence.

The main attack upon the confession is that the defendant was intoxicated by drugs to such a degree that he lacked the capacity to give a confession or to understand the preliminary warnings given to him in compliance with the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed 2d 694, 10 A.L.R.3d 974.

The evidence, taken out of the presence of the jury, discloses that Calcasieu Parish Deputy Sheriffs Alphonse Mancuso and Charles Barrios secured the defendant from the municipal jail at Vinton on October 14, 1966, about 2:00 a. m. Since he appeared to be intoxicated, the officers deferred interrogation but brought him to the parish jail at Lake Charles. He was booked at 2:25 a. m.

More than nine hours later, at 11:40 a. m., the officers took him to the interrogation room. They testified he appeared normal at this time and exhibited no signs of intoxication. The officers fully advised him of his rights: to remain silent, to retained counsel, to appointed counsel, and as to the trial use of any statement given.

Although he declined to give a written confession, he did orally relate to the officers the events of the crime. The narrative was interrupted only by short pauses for a cigarette or coffee. The officers used little or no interrogation. The interview ended about 1:00 p. m.

The evidence contains no suggestion of coercion, threats, or other improper inducement to secure the confession. Apart from the charge of intoxication, the record reflects an intelligent waiver of counsel (see Miranda v. Arizona, supra) and a voluntary oral statement.

At the hearing before the judge on the admissibility of the confession, the defendant gave no testimony. Defense evidence on the intoxication issue came from a jail inmate and two of the defendant's relatives, his father and uncle. The uncle testified he came to the jail to see defendant between 9:00 a. m. and 10:00 a. m. on the day of his arrest and one of the "jailers", whom he was unable to identify, told him defendant was in no condition to talk to anyone. The jail inmate testified he saw defendant about 5:00 p. m., after the confession, and he appeared to be "sleepy"

and abnormal. Defendant's father testified he saw defendant four days after the confession and he appeared to be incoherent.

■ To render a confession inadmissible, drug or alcohol intoxication must be of such a degree as to negate the defendant's comprehension and render him unconscious of what he is saying. If a defendant understands the statements directed to him and knows what he is saying, the confession is admissible. State v. Alexander, 215 La. 245, 40 So.2d 232; 2 Wharton's Criminal Evidence § 388, p. 122 (12th ed. 1955); 23 C.J.S. Criminal Law § 828, p. 226.

■ Whether intoxication exists and whether it is of a degree sufficient to vitiate a confession are questions of fact. In the present case, the trial judge accepted the consistent testimony of the law enforcement officers and found no intoxication at the time of the confession. His finding, of course, depended to some extent upon an appraisal of the credibility of the witnesses. In the oral reasons for his ruling, he referred to the lengthy criminal record of the jail inmate and to the circumstance that the relatives' testimony, even if accepted, pertained to a time sufficiently removed from the confession for a change in defendant's condition because of the intervention of other factors. The evidence convinces us, as it did the trial judge, that the state has borne its burden of proof as to the admissibility of the confession. We affirm the ruling.

*Bill of Exceptions No. 5:*
*improper question*

■ Defendant reserved Bill No. 5 to the overruling of his objection to the District Attorney's question to a state witness as to whether the defendant had a bad temper. The defense theory is that the question was an attack upon defendant's character. Under LSA–R.S. 15:481, the defense reasons, the question was improper, since the defendant had not placed his character at issue by offering evidence of good character. The State contends the question was proper in the trial for murder to show the propensity of the defendant to violent actions.

We have doubt that the question was an attack upon defendant's character. But, assuming it to be, the answer was such that it did not prejudice the defendant. The witness answered: "Oh, he'd fight. * * * Just like we all would." The import of this testimony, of course, was that he had no abnormal temper or disposition. The error, if any, was harmless and furnishes no ground for reversing the conviction. See LSA–C.Cr.P. art. 921.

For the reasons assigned, the conviction and sentence are affirmed.