235 So.2d 568

**STATE of Louisiana**

v.

**Gertrude PESSON.**

**No. 50158.**

May 4, 1970.

Rehearing Denied June 8, 1970.

Alvis J. Roche, Lake Charles, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for appellee.

S. SANFORD LEVY, Justice Ad Hoc.

Gertrude Pesson was charged with having committed the crime of abortion in violation of the provisions of LRS 14:87(2).

She was tried by a jury, found guilty and sentenced to serve four years at hard labor in the Louisiana State Penitentiary. She is appealing from the conviction and sentence and relies on eleven bills of exceptions to obtain a reversal thereof.

Bill of exceptions No. 1 was reserved to the court's refusing to order a preliminary hearing. The record reveals that following her arrest the accused, on October 2, 1968, caused to be filed on the district attorney a rule to show cause why a preliminary hearing should not be ordered. The hearing on the rule was set for October 9, 1968. On that day defendant had been released on bail and, prior to the hearing, the bill of information was filed. Thereafter, the court declined to order a preliminary hearing. The defendant objected and reserved bill of exceptions No. 1. On October 30, 1968, a rehearing was denied, and the case was fixed for trial on June 9, 1969.

In connection with the bill the defendant argues that under the provisions of Article 292 of the Code of Criminal Procedure she was entitled to a preliminary hearing as a matter of right, inasmuch as she had moved for the hearing and the court had ordered it prior to the filing of the bill of information.

The argument is groundless. The accused is in error when she asserts that she had moved for and been granted a preliminary hearing. She merely filed a rule

to show cause why a hearing should not be ordered and the court had fixed a date to try the rule. Prior to a decision on the rule, and before the court ordered a preliminary hearing, the bill of information was filed.

■ But even if it be conceded that the defendant's rule could be considered as a motion for a preliminary hearing, and that the judge's ruling thereon constituted an order for a preliminary hearing, we find no error in his refusal to proceed further with the hearing after the bill of information was filed.

The question of the effect of the filing of a bill of information after a preliminary hearing has been ordered in response to a motion by the accused, has not yet been considered by us in a case appealed to this court. However, the precise issue has been recently presented twice in applications for writs under our supervisory power. In each of those cases we denied the writs sought, thereby approving and maintaining the rulings of the trial courts that even though a preliminary hearing was ordered before a bill of information or an indictment was filed, the holding of that hearing became discretionary with the court once the bill of information was filed, in the same manner as if an indictment had been filed by the grand jury. See State v. King and Williams, 255 La. 501, 231 So.2d 402, and State v. Fitzsimmons, 255 La. 787, 232 So.2d 515. We adhere to that ruling.

■ Moreover, it appears to us that the correctness of the ruling in this regard became moot, at least when the verdict of guilty was rendered. In State v. Hudson, 253 La. 992, 221 So.2d 484 we said:

"The right to a preliminary examination in this State is designed primarily to determine whether probable cause exists to charge the accused. It is also an important safeguard against high-handed police procedures and third degree methods. It provides an opportunity to bring defense counsel into the picture—implementing the constitutional privilege against self-incrimination and the right to bail. * * *"

■ If defendant had been denied any of the rights sought to be safeguarded by the authorizing a preliminary hearing, she had an immediate remedy by resort to this court under our supervisory jurisdiction. But without a showing that the denial of those rights resulted in some specific prejudice *which resulted in an unfair trial,* then we think that the issue of the correctness of the judgment refusing to grant a preliminary hearing became moot after a verdict of conviction was rendered.

Bill of exceptions No. 2 was reserved to the court's overruling of defendant's motion, filed before trial, for production of oral statements made by the accused.

■ The bill is without substance. It is well settled in our jurisprudence that the ruling which permits a pretrial inspection by an accused of his written statements does not apply to oral confessions. See State v. Lea, 228 La. 724, 84 So.2d 169, cert. den., 350 U.S. 1007, 76 S.Ct. 655, 100 L.Ed. 869, State v. Bickham, 239 La. 1094, 121 So.2d 207, cert. den., 364 U.S. 874, 81 S.Ct. 123, 5 L.Ed.2d 98, and State v. Manuel, 253 La. 195, 217 So.2d 369.

When the court overruled the defendant's motion to suppress certain evidence the accused reserved bill of exceptions No. 2. The evidence referred to was that seized at the time of the accused's arrest. (Also included in the motion were the oral statements hereafter dealt with in bill of exceptions No. 6. However, a ruling on the objection to them was referred to the time when they would be introduced into evidence during the trial.)

The objection to the evidence was that it was not seized incidental to a valid arrest and/or search, and that the defendant was refused the benefit of counsel after the unlawful arrest.

The per curiam to this bill of exceptions recites that:

"* * * The evidence reflected that the officers of the Sheriff's Department were informed by a physician of the Charity Hospital that a patient showed symptoms of an abortion having been performed upon her. The patient was interviewed by the officers and were furnished the address and description of the person who allegedly performed the abortion. A search warrant was obtained to search the address and upon arrival at the house found defendant there who fitted the description furnished by the alleged victim. They searched the premises under the authority of the warrant and found certain paraphernalia which could be used in an abortion. The defendant was placed under arrest, taken to the jail."

■ We have examined the evidence attached to the bill and find that it amply supports the trial judge's conclusion that there was no irregularity in the procedure and that the arrest was valid. There is also no evidence that the defendant was denied counsel.

There is, therefore, no merit in the bill.

The defendant filed a motion for a bill of particulars containing forty interrogatories or requests for information. The trial court ordered the state to answer questions Nos. 1, 2, 14 and 15, but otherwise overruled the motion, and bill of exceptions No. 4 was reserved.

Included in the information sought by the motion for a bill of particulars was whether there were any eye witnesses present at the alleged crime and if so their names and addresses, the approximate time and date

defendant was apprehended by the law enforcement officers, the time of her arrival at the parish jail, the names of any doctors who might have examined the victim, whether there were written or oral confessions, whether or not the "accuser" furnished defendant's name to the law officers, whether the "accuser" was a friend of the defendant, and so on.

As a result of the court's ruling and the responses made by the district attorney the defendant was informed of the exact date and the approximate time the alleged crime was committed, the name and address of the complaining witness, and that there was no written confession, but that an oral confession was made to the sheriff's deputies.

[7] We have carefully examined the other questions and requests for information and have concluded that the trial court was correct in its holding that they were either irrelevant or evidentiary in nature. Consequently, its ruling that they need not be answered was proper. In State v. Hunter, 250 La. 295, 195 So.2d 273 we said:

"Louisiana was in the vanguard of the states in granting a defendant the right to inspect his written confession before trial. * * * However, we have steadfastly refused to broaden this holding into full pre-trial discovery of the varied items of evidence in criminal cases. * * *"

See also State v. Taylor, 253 La. 653, 219 So.2d 484.

Bill of exceptions No. 5 was reserved to the court's overruling the objection of accused to remarks made in the state's opening statement to the effect that it intended to prove intent by showing other acts of abortion by the accused. During the trial a a state witness testified concerning such other acts, whereupon the defendant moved for a mistrial and reserved bill of exceptions No. 7 when the motion was overruled. Later, bill of exceptions No. 8 was taken to the court's permitting testimony of another witness to establish prior acts of abortion by the defendant.

The bills are groundless. We have held that in abortion prosecutions evidence of other abortions committed by the accused is admissible to show intent. State v. Pailet, 246 La. 483, 165 So.2d 294 and State v. Sharp, 248 La. 865, 182 So.2d 517. See also LRS 15:445 and 446.

Also without merit is the argument of the accused that evidence of the commission of other similar acts, consisting in this case of statements of the accused to the arresting officers, was inadmissible as being in violation of the hearsay rule. In numerous cases this court has ruled that such statements by defendant are admissible. State v. Leming, 217 La. 257, 46 So.2d 262, State v. Nicolosi, 228 La. 65, 81 So.2d

771, State v. Morris, 245 La. 175, 157 So.2d 728 and State v. Brown, 250 La. 1125, 202 So.2d 274.

During the trial a deputy was questioned concerning an oral statement, amounting to a confession, made to him by the defendant following her arrest. The accused objected for the reason that it was hearsay and that it was made when she was without benefit of counsel. The objection was overruled and bill of exceptions No. 6 was reserved.

■ The statement having been made by the defendant did not, as we have shown, fall into hearsay rule. Consequently, that basis for the objection was not sound. Moreover, the evidence taken in connection with this bill as well as that taken in connection with the motion to suppress fully supports the trial court's conclusion that the statement was free and voluntary, and that, although counsel was not present when the statement was made, the accused had been fully informed of her constitutional rights, including the right to counsel, but she did not request counsel.

■ During the testimony of Charles Ellis, a deputy sheriff who had taken part in the search of the accused's home prior to her arrest, the state introduced a rubber catheter tube which the witness said he had taken or "recovered" from a desk drawer located in the defendant's living room. The defense objected to its introduction for the reason that the witness had not personally "located" or "found" the item, and she reserved bill of exceptions No. 9 when the objection was overruled.

In its per curiam the trial court notes that:

"The Court permitted defendant's attorney to cross-examine the witness before ruling on the objection. The cross-examination developed that another person, during the search, directed Mr. Ellis' attention to the item and that Mr. Ellis recovered and retained it as possible evidence in the case. Mr. Ellis testified *he was present when the item was found in a desk* and that he recovered it from the desk where it was found. * * *" (Italics ours)

The court's observations are completely in accord with the testimony attached to the bill. Furthermore, the catheter tube was one of the articles made the subject of the motion to suppress. The testimony of all of the officers taking part in the search forms a complete chain as to the discovery and recovery of the tube. The bill is without substance.

Bill of exceptions No. 10 contains the same elements of objection as does bill No. 9. It was reserved when the trial court overruled the defendant's objection to the introduction of a photograph in connection with Ellis' testimony, which, he said, represented an accurate picture of what he saw at the time of the search. The photograph

itself which was taken by Ellis is not in the record before us. But we gather that it showed the desk referred to in bill No. 9, with the drawer open and the catheter tube (and perhaps other objects) on top of the desk. The objection appears to have been based on the theory that Ellis was incompetent to testify as to the representation of the picture because he did not "discover" the tube himself.

As we have heretofore shown the testimony of the deputies who made the search forms a complete chain to properly identify the object and to connect it to the desk drawer in the residence of the accused. It makes it abundantly clear that while Ellis did not himself open the drawer and first "find" the tube, he was present when this was done by one of the other officers who called him over to "recover" and preserve the object.

Bill of exceptions No. 11 relates to the judge's charge to the jury. Following a reading thereof defendant objected to the fact that it included the recitations of the bill of information which stated that the accused did "for the purpose of procuring a premature delivery of the embryo or fetus, use a rubber hose" on a named pregnant female.

The objection to the recitation of the information in the charge was (1) that the state had not established that the victim had prematurely delivered an embry or fetus, and (2) that the rubber hose allegedly used by the defendant had not been introduced into evidence.

LRS 14:87(2) defines the crime of abortion as the use of any instrument or any other means on a female *"with the intent* of procuring premature delivery of the embryo or fetus." Under the terms of this statute, therefore, the actual delivery is not a necessary element of the crime. Besides, even if it were, the question of whether or not the state had proven that there had been a premature delivery of an embryo or fetus would be a question of fact for the jury. (Italics ours)

The introduction of the actual hose used in the alleged abortion would not be essential to the state's case. Clearly the use of such an instrument could be established by other means, such as the testimony of the victim or any other eye witness.

Besides, inasmuch as the trial is commenced by the reading of the bill of information to the jury, we do not see how the defendant is prejudiced by having the charge reiterated in the judge's instructions.

In this court the defendant also asserts that the charge to the jury was improper insofar as it read the statute defining the crime to the jury because the statute is unconstitutional, and that "A close read-

ing of the charge clearly points out that the manner of its drafting tended to sway the minds of the jury in favor of the state."

 Neither of these objections was made at the time the charge was given. They are made for the first time on this appeal. For that reason they will not be considered by us. State v. Stroud, 198 La. 841, 5 So.2d 125. Nevertheless, we do observe in passing that, in our opinion, neither of them is meritorious.

In oral argument before this court defense counsel urged that we should view this case in light of changing public opinion and feeling concerning the propriety of criminal abortion statutes. Conceding that it might be proper for us to take judicial cognizance of such public opinion, we find that has no bearing on the case presented here. We cannot substitute public opinion and sentiment for the affirmative pronouncements of the legislature, and are of the opinion that the argument is one which should be addressed to the legislature, or, in a specific case, to the pardon board. Besides, we think that the opinion referred to relates to abortions performed by qualified medical personnel under conditions which safeguard the health of the patient, and not to those performed by persons not specifically trained or equipped to engage in such pursuit.

For the reasons assigned the conviction and sentence are affirmed.

BARHAM, J., concurs, being of the opinion that the facts establish an intelligent waiver of counsel and other constitutional rights before the confession was given.