282 So.2d 526 (1973)
STATE of Louisiana
v.
Leroy Henry JACKSON.
No. 53873.
Supreme Court of Louisiana.
September 20, 1973.
Granted. See Order.
SANDERS, C. J., SUMMERS and MARCUS, JJ., dissent from the granting of this preliminary hearing.
BARHAM, J., concurs and will assign reasons.
On considering the petition of the relator in the above entitled and numbered cause,
Ordered that the Honorable Donovan S. Parker, Judge of the Nineteenth Judicial District Court, Parish of East Baton Rouge, hold a preliminary examination pursuant to the original order for that hearing as soon as possible, see Code of Criminal Procedure, Articles 292 and 293, or show cause in this Court on the 4th day of October, 1973 why the prayer of relator's petition should not be granted.
BARHAM, Justice (concurring).
One of the judges of the Nineteenth Judicial District Court for the Parish of East Baton Rouge ordered a preliminary examination for the defendant. On the date the preliminary examination came on for hearing, another judge of that court observed that an indictment had been filed against the defendant. The judge stated:
"If there's a Bill here, then I'll vacate, recall and set aside the Motion For A Preliminary Hearing and the Order granting the Preliminary Hearing. So, that disposes of the Preliminary Hearing."
On writ application to this Court, we ordered the trial court to "* * * hold *527 a preliminary examination pursuant to the original order for that hearing as soon as possible, (see Code of Criminal Procedure, Articles 292 and 293) * * *" or, alternatively, to show cause why the hearing should not be held. (Emphasis ours) The trial court complied with our original order and conducted the preliminary hearing, therefore, the alternative writ of certiorari was never presented to this Court for an opinion.
The majority of this Court believed, in issuing this order, that the former jurisprudence watering down our Code of Criminal Procedure Articles concerning the right to a preliminary hearing were incorrect. See State v. Pesson, 256 La. 201, 235 So. 2d 568 (1970), and State v. Hudson, 253 La. 992, 221 So.2d 484 (1969); see also my dissents to denials of writs in State v. Eames, 260 La. 692, 257 So.2d 152, denied February 8, 1972, and State v. Raymond, et al., No. 50,233, denied November 25, 1969. We believed that once a preliminary examination is ordered, filing of an indictment is insufficient to set aside that preliminary examination order. We further believed that even after indictment consideration must be accorded defendant's right to a preliminary examination and actual discretion must be exercised accordingly, as the merits appear in the motion.
I have assigned these reasons since this is a new holding by this Court, which holding would not ordinarily be made known to judges, district attorneys and defense counsel through publication of an opinion. If the court follows its inclination in the present case in the future all preliminary examinations which are ordered before indictment must be held even though a bill of information is filed in the interim. Also, in the future, the trial judge should make it appear on the minutes or in the record of the court in what manner he exercised his discretion and for what reason he granted or denied preliminary examination.
I respectfully concur in the granting of the alternative writs.