SANDERS, Chief Justice.
The State charged James E. Bernard by bill of information with armed robbery in violation of LSA-R.S. 14:64. The defendant was convicted in March of 1971. The Twenty-fourth Judicial District Court sentenced the defendant to imprisonment for fifteen years. In March of 1973, defendant filed a petition for writ of habeas corpus in the trial court. The trial court judge denied petitioner’s application for habeas corpus relief. Petitioner then filed his petition with this Court. We denied the application on June 11, 1973. La., 278 So.2d 507 (1973). Petitioner refiled the writ application with this Court. The application was again denied. La., 286 So.2d 363 (1973).
Petitioner then filed a habeas corpus petition in the United States District Court for the Eastern District of Louisiana. On April 11, 1975, the court held an evidentiary hearing. The court found that *160 there was no merit to petitioner’s contention that he was denied effective assistance of counsel. However, it concluded that the petitioner misunderstood his right of appeal. Accordingly, the court ordered the State of Louisiana either to grant the defendant an out-of-time appeal, retry him, or release him from custody. Thus, the defendant appeals his conviction, relying on four appealable specifications of error.[1]
According to the testimony adduced at trial, the facts surrounding the defendant’s arrest and the chain of custody of the evidence seized at that arrest are as follows:
At approximately 10:15 p. m., December 9, 1970, the L’il General Food Store in Westwego, Louisiana was robbed. Minutes thereafter, Detective Cerniglia heard the description of the man who robbed the food store over his police car radio. At that time he noticed the defendant, who fit the description, in a vehicle behind him. The defendant, in his vehicle, was suspiciously attempting to stay out of the sight of Detective Cerniglia. Detective Cernig-lia saw the defendant, who was driving the vehicle, take off his shirt and throw it out of sight while the other man in the front seat steered the vehicle. The officer radioed for assistance, and the defendant’s vehicle was stopped. The defendant had money (bills as well as coins) stuffed into his pockets, in such a manner that it could be seen. With the aid of a flashlight, the officers saw a gun in the console of the car. In addition, a partially exposed shirt with a two-dollar roll of nickels wrapped in it could be seen on the floorboard. The defendant was arrested, and the evidence was taken by Officer Cerniglia.
Defendant reserved bills of exceptions at trial when the court overruled his objections to the admissibility of several physical, objects. As the bills of exceptions are similar in nature, they will be consolidated for treatment. Defendant objected to the introduction of the gun into evidence, asserting that the chain of custody has not been established. He objected to the cartridges or shells found in the gun being admitted into evidence because there were no identifying marks attached to the shells showing that they were the shells taken from the gun. The court admitted sixty-nine dollars and twenty cents in currency into evidence over defendant’s objection that there was no proof that the admitted money was the stolen money. Defendant objected to the introduction of the shirt into evidence arguing that it was not properly identified.
The demonstrative evidence is ultimately a question for the jury. For admission, it suffices if the demonstrative evidence is shown to be related to the case by a preponderance of the evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. McQueen, 257 La. 684, 243 So.2d 798 (1971); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); State v. Coleman, 254 La. 264, 223 So.2d 402 (1969).
The record reflects that Randall J. Dumaine, the Criminal Evidence Clerk, received two packages from Technician Olson and that these two packages were then sealed and deposited in the vault. Mr. Du-maine opened the sealed packages in court and testified that the contents were the *161 items which Olson gave him. Mr. Olson testified that the items were given to him by Detective Peter David and remained in his possession until he gave them to Mr. Dumaine. Mr. David received the items introduced from Detective Cerniglia, who identified all the items in evidence as those which he took from the defendant and gave to Mr. David. Every person who was in possession of the evidence appeared in court and testified. We conclude that connexity was sufficiently shown for admission in evidence.
The specifications of error are without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.

. In a motion to suppress, counsel for defendant argues that the evidence seized by the State should be suppressed as it was not seized incidental to a valid arrest and/or search. After a hearing on the motion, the court denied the defendant’s motion. In defense counsel’s brief, he raises that denial as a specification of error. However, this Court cannot consider his argument as there is no showing in the record that the defendant designated that error in writing in the trial court as an assignment of error to be urged on appeal. As the defendant reserved neither a bill of exceptions nor made an assignment of error, his argument cannot now be considered. See LSA C.Cr.P. Arts. 844 and 703, Official Revision Comment (g). State v. Donnell, La., 318 So.2d 3 (1975); State v. Shaw, La., 318 So.2d 4 (1975); State v. Shillow, La., 310 So.2d 103 (1975).