517 So.2d 1115 (1987)
STATE of Louisiana
v.
Rhetta B. BENNETT.
No. KA 87 0456.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Rehearing Denied January 15, 1988.
*1116 William R. Campbell, Jr., New Orleans, for appellee.
Wendell E. Tanner, Slidell, for appellant.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
CHIASSON, Judge.
Rhetta Burge Bennett[1] was charged by bill of information with the *1117 distribution of marijuana, in violation of La.R.S. 40:966. She was tried by a jury, convicted as charged, and was sentenced to eighteen (18) months at hard labor. Defendant appealed, urging four (4) assignments of error.[2]
Defendant, her brother (Jerry Burge) and her husband (Robert Bennett) were arrested for the distribution of marijuana following the conclusion of an undercover narcotics operation by the St. Tammany Parish Sheriff's Office. Detective Randy Caire testified that Jerry Burge approached him in the Pillars Lounge in Pearl River, Louisiana, where Caire was working undercover. Burge introduced himself as "Jed" and asked Caire if he would like to purchase a bag of marijuana, stating that his sister and brother-in-law were asking $35.00 for the marijuana and that it could be obtained at their home on Fielder Road. In an unmarked police car, Caire and Burge drove to a house in the Fielder Road area. Without knocking, Burge walked into the house and invited Caire to accompany him. Once inside, Burge introduced Caire to "Rhetta" and "Bob". At that time, Bob was watching a television set, Rhetta was sitting on a sofa, and a second man was lying down on another sofa.
Burge told Rhetta that "Randy" was looking for a bag of weed. Rhetta asked Bob if they had any to sell, and he responded that there were two bags remaining. Rhetta asked Bob for the keys, walked to the back of the house, and returned in approximately one (1) minute with a plastic bag filled with green vegetable matter. As Det. Caire inspected the contents of the bag, Rhetta asked him if he would like to compare its quality with that of the remaining stock, and he declined. He then paid Burge with a twenty (20) dollar bill, a ten (10) dollar bill and a five (5) dollar bill. Burge handed the money to Rhetta. Det. Caire and Burge left the house, returning to the Pillars Lounge where Caire's partner, Det. James Buckley, was waiting. Caire, Buckley, and Burge chatted in the lounge for a few minutes. Shortly thereafter, Caire and Buckley left, returning to an apartment used by participants in the undercover operation, where the bag was marked with the sellers' names and sealed. Buckley and Caire then drove to the house where the transaction occurred to obtain the license plate number from a car in the driveway to attempt to learn the complete names of Rhetta and Bob. The contents of the bag were later analyzed and found to contain marijuana.
Defendant, Robert Bennett and Jerry Burge were jointly charged with the distribution of marijuana and were tried together. The jury convicted defendant and Burge of distribution of marijuana. Robert Bennett was convicted of attempted distribution of marijuana.

ASSIGNMENT OF ERROR NO. ONE
By this assignment of error, defendant submits that the trial court erred by refusing to permit the introduction of testimony by her husband concerning the death of his son. Bennett's son (presumably defendant's stepson) apparently died as the result of some involvement with illegal drugs. The court sustained the state's objection to the testimony on the grounds of relevancy. Defendant argues the evidence was relevant to show a motive by Bennett to refrain from a particular course of conduct, i.e., the distribution of illegal drugs, and to refuse to permit any activity involving illegal drugs in his home.
*1118 A defendant's right to present a defense is sanctioned constitutionally, and he can testify to or give evidence on any matter relevant to an issue material in the case. La.R.S. 15:435; State v. Hernandez, 488 So.2d 972 (La.1986). A "material issue" is one which is "of solid or weighty character, of consequence, or importance" to the case. State v. Ludwig, 423 So.2d 1073 (La.1982). Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. La.R.S. 15:441. The relevancy of evidence must be determined by the purpose for which it is offered. La.R.S. 15:442. Any evidence, whether direct or circumstantial, is relevant if it tends to prove or disprove the existence of any material fact. State v. Patch, 470 So.2d 585 (La.App. 1st Cir.1985), writ denied, 475 So.2d 358 (La.1985).
Defendant and her husband attempted to show that Det. Caire was mistaken in his identity of them as the sellers. Therefore, any fact tending to negate the likelihood of their participation in the transaction constituted relevant evidence. Facts supporting a strong opposition by an individual to the use of narcotics supply a circumstantial basis from which a fact finder could infer that the possibility of involvement in the use or distribution of drugs by that person is unlikely. Thus, the court erred by excluding the evidence. See State v. Patch, supra; State v. Guerin, 452 So.2d 746 (La.App. 1st Cir.1984).
However, it is clear that the court's ruling did not prevent defendant from offering evidence critical to her case. The connection between the activities of defendant and the death of her stepson is tenuous, at best. The only defense offered was that of mistaken identification. Det. Caire positively identified defendant as one of the sales agents. He knew the location of her home and was able to draw a diagram of the inside of the house. The bag of marijuana, sealed on the night of the purchase, was marked with the names "Rhetta" and "Bob" even before their surnames had been learned; and also bore the date and location of the offense and the sales price. In defense, Robert Bennett testified that he had met Caire after the arrest of his daughter and son-in-law for the distribution of marijuana approximately two (2) years before the instant transaction and was aware of his appearance and identity as an undercover narcotics agent. Bennett specifically testified that he would have recognized Caire if he had actually been in the house and that Caire had not been inside. Several other witnesses testified to being present at the home of defendant and Bennett at the time of the alleged transaction and that Caire had not been there. Thus, the possibility of mistaken identification was presented and the facts supporting this defense were fully explored. The probative force of the excluded testimony was, therefore, minimal. Moreover, any possible impact the testimony might have had in tending to negate the likelihood of involvement by defendant's family with illegal narcotics was certainly minimized by Robert Bennett's candid testimony concerning the arrest of his daughter and son-in-law on identical charges.
We find, therefore, that the trial court did not improperly prevent defendant from offering evidence critical to her theory of the case; and, thus, the exclusion of the testimony was harmless beyond a reasonable doubt. Cf. State v. Vaughn, 431 So. 2d 358 (La.1982); State v. Murphy, 234 La. 909, 102 So.2d 61 (La.1957), cert. denied, 357 U.S. 930, 78 S.Ct. 1376, 2 L.Ed.2d 1373 (1958).

ASSIGNMENT OF ERROR NO. TWO
By assignment of error number two, defendant submits the trial court erred by permitting the state to cross-examine her husband about the character of her brother. She claims this testimony was an attempt to prejudice the jury against defendant and her brother by showing that defendant's brother was a person of poor character.
On direct examination, Robert Bennett was asked by his attorney (who also represented defendant) whether or not Gerald Burge came to his house on the evening during which the state alleged he had brokered *1119 the narcotics transaction. Bennett responded that Gerald Burge was never allowed in his home. He testified that Burge had been permitted to enter his home only twice during the three (3) years of his marriage to Burge's sister. On cross-examination, Bennett was asked whether or not he knew of his personal knowledge that defendant would not permit her brother to come inside the house whenever Bennett was not at home, and he responded that she would not because "she understands what my feelings are towards Mr. Burge." The state then asked if Burge were a substance abuser and Bennett responded that he did not know. Defendant did not object to the question. She now claims the question was an attempt to present evidence of Burge's bad character despite the fact that he had not initially raised the issue of character, as required by La.R.S. 15:481.
We note, initially, that defendant's failure to object contemporaneously to the question waived any possible error. La.C. Cr.P. art. 841.
Moreover, even if defendant had properly preserved the issue for review, no reversible error occurred. Through the line of questions preceding the state's inquiry into the substance abuse habits of Jerry Burge, it is evident that the state was simply pursuing a topic first raised by the defense, that is, whether or not it was possible for Jerry Burge to enter defendant's home; and those questions were not an attempt to present evidence of Burge's character. However, the state was not entitled to explore character flaws, such as a habit of drug abuse, of a co-defendant who had not first presented evidence of his good character.
Even improper questions will not mandate reversal of a defendant's conviction absent a showing of prejudice to the accused. State v. Marquer, 446 So.2d 1258 (La.App. 4th Cir.1984), writ denied, 450 So.2d 359 (La.1984), cert. denied, 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984). Although the question concerning possible substance abuse by Burge was improper, Bennett responded that he did not know whether or not Burge engaged in that type of activity; thus, the state did not actually present evidence concerning a co-defendant that was prohibited. Therefore, the import of the question did not prejudice the accused. See State v. Hartman, 388 So.2d 688 (La.1980); see also State v. Manuel, 253 La. 195, 217 So.2d 369 (La.1968). This assignment of error has no merit.

ASSIGNMENTS OF ERROR NOS. THREE AND FOUR
By these assignments of error, defendant raises the issue of ineffective assistance of counsel. By assignment of error number three, defendant submits that trial counsel was ineffective because of his failure to file a motion to sever the trial of defendant and her husband from that of her brother. By assignment of error number four, defendant submits that trial counsel was ineffective because of his failure to call defendant to testify on her own behalf.
A claim of ineffective counsel is more properly raised by an application for post conviction relief in the district court where a full evidentiary hearing may be conducted. State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.1984), writ denied, 457 So.2d 18 (La.1984). Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. Id.
The United States Supreme Court has established a two-part test for review of a convicted defendant's claim that his counsel's assistance was so defective as to require reversal of a conviction. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court stated:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the *1120 defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064.
Jointly charged defendants are to be tried jointly unless the court is satisfied that justice requires a severance. La.C.Cr. P. art. 704; State v. Webb, 424 So.2d 233 (La.1982). The accused is not entitled to a severance as a matter of right. Id.
Defendant claims her trial counsel was ineffective for failing to file a motion to sever her trial from that of her brother because their defenses were antagonistic. To the contrary, both Burge and the Bennetts claimed Caire was mistaken in his identification of them as the persons from whom he purchased marijuana. Burge further exploited the hostility professed by Bennett as confirmation of the fact that he could not have been in defendant's home at any time, thereby impeaching Caire's credibility. None of the parties presented a defense blaming his or her co-defendants; nor does the record indicate that a party was denied his right to compel the attendance of witnesses and present a defense. Thus, defendant was not entitled to a severance of her trial from that of her brother. The failure of her trial counsel to file a motion where, as here, that motion would have been futile because defendant was not entitled to the relief sought cannot be said to constitute ineffective assistance.
Defendant also contends the trial counsel's failure to call her to testify on her own behalf to corroborate the testimony of the other defense witnesses constituted ineffective assistance of counsel. However, defendant does not claim that she possessed peculiar knowledge that would have independently confirmed the defense of mistaken identity. Defendant's husband testified persuasively that Burge could not have been there and that he would have recognized Caire if the agent had come into his home. Defense counsel could well have chosen to present the testimony of defendant's husband and not that of defendant herself simply because he did not think she would have made a good witness. This court will not second guess the strategy of a defense counsel. An attorney's level of representation cannot be determined by whether a particular strategy is successful. State v. Brooks, 505 So.2d 714 (La.1987). The record does not reflect that defendant was denied her right to effective counsel or that the result of the trial was not fair. Therefore, defendant's claim of ineffective counsel has no merit.
For the above reasons the conviction and sentence are affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING.
A claim that a sentence beyond the statutory limits is illegal (excessive) constitutes an error patent on the face of the record. A claim that a sentence within statutory limits is excessive requires a review of the record as a whole and does not constitute error patent. Such a claim must be assigned as error in order to be reviewed on appeal.
We have reviewed the cases cited by defendant and found that they do not support her claim. In State v. Jones, 447 So.2d 1050 (La.1984), the court imposed a sentence which included a provision for incarceration for two years in default of payment of the fine. The court noted that the sentence was illegal because La.C.Cr.P. art. 884 provides only for a term of up to one year in default of payment of a fine. In State v. Jones, 341 So.2d 3 (La.1976), the court noted that the sentence imposed for a conviction of second degree murder was illegal because it provided that the defendant was ineligible to receive parole, probation, or suspension of sentence for the remainder of his natural life, although the statute in effect at the time prohibited parole only for the first twenty years of the sentence. Finally, in State v. Upton, 382 So.2d 1388 (La.1980), the court vacated a sentence in which the court had placed the *1121 relator on active probation for three years; however, La.C.Cr.P. art. 894 provided that the sentencing court could impose a probated term "not in excess of two years."
An error patent is one discoverable on the face of the pleadings. La.C.Cr.P. art. 920(2). In order to discover whether or not the sentence imposed in an individual case is illegal, the court must review the pleadings, the evidence presented, and any documentation submitted, such as the pre-sentence investigation report. Thus, a claim that the sentence is illegal because it is excessive cannot ever constitute patent error. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Spears, 350 So.2d 603 (La.1977); State v. Overton, 337 So.2d 1201 (La.1976). In order for the claim to be reviewed on appeal, defendant should have filed that claim as a supplemental assignment of error.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.
[1] In the bill of information, defendant's name is spelled "Retta." The erroneous substitution of an improper letter in the spelling of a proper name that does not change the sound thereof is merely idem sonans. State v. Foster, 164 La. 813, 114 So. 696 (La.1927). The rule of idem sonans is that absolute accuracy in spelling names is not required in a legal document or proceedings either civil or criminal. If the name, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted methods, a sound practically identical with the correct name as commonly pronounced, the name there given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error. State v. Hattaway, 180 La. 12, 156 So. 159 (La.1934).
[2] Defendant also argues in brief that the sentence imposed is excessive. This allegation was not presented to the trial court by way of a formal assignment of error. See La.C.Cr.P. arts. 844; 928. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Spears, 350 So.2d 603 (La. 1977); State v. Overton, 337 So.2d 1201 (La.1976).