LeBLANC, Judge.
James L. Riley, Jr. was indicted by the East Baton Rouge Parish Grand Jury for second degree murder, a violation of La.R.S. 14:30.1. He was tried by a jury, which convicted him as charged. The trial court imposed the mandatory sentence of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant appealed, urging as his only assignment of error that the trial court erred by permitting the state to introduce hearsay evidence.[1]
*1176 FACTS
Defendant was charged with the death of Joyce Williams, his former girlfriend. The victim died as the result of four gunshot wounds, inflicted by the defendant. Defendant testified at trial, claiming that his action was provoked by the victim’s brother.
Defendant testified that the victim called and arranged to meet him. He claimed that, when she arrived, she pulled a small handgun from her purse and pointed it at him. Defendant related that he took the gun from her and persuaded her to walk down a pathway with him. He further testified that, as they walked down the path, her brother ran up to them, pulled out a gun, and attempted to fire a shot at defendant; however, the gun misfired. As the victim’s brother ran away, defendant fired four shots into the victim’s body.
The victim’s mother, Albertha Mae Williams, testified that she saw defendant accost her daughter as the victim walked down a path near her home. Defendant had twisted the victim's left arm behind her and appeared to be forcing the victim down the walkway. She sent the victim’s brother, Lawrence Williams, to the scene to aid his sister. Lawrence Williams testified that, when he ran to the scene, defendant shouted at him to stand back, pulled a gun from the waistband of his trousers, and shot the victim four times.
ADMISSION OF HEARSAY EVIDENCE
Defendant submits the trial court erred by permitting the state to introduce hearsay evidence of the victim’s state of mind. He contends the evidence was irrelevant because the victim’s state of mind was not at issue. He further claims the evidence was extremely prejudicial because it “must have” contributed to the jury’s verdict.
The state presented the testimony of the victim’s mother, her sister, and two brothers, as well as an unrelated person who witnessed defendant’s flight immediately after the shooting. Defendant testified on his own behalf, admitting that he shot the victim, but claiming that he did so only because he loved her. Thereafter, on rebuttal, the state called Patricia Templet, a representative of Legal Services [Capital Area Legal Services Corp.], an organization that provides legal aid to indigents.
Before the witness was permitted to testify, defendant objected to the content of her testimony on the ground that it was hearsay. The state contended that the testimony involved the state of mind of the victim, which became at issue when defendant testified that he was provoked by the actions of the victim and her brother. Relying on State v. Martin, 458 So.2d 454 (La.1984), the trial court determined that the testimony was admissible. Thereafter, Ms. Templet testified that, on March 27, 1987, the victim came to the office seeking protection against defendant. Ms. Templet further testified the victim was crying and distraught. She told Ms. Templet that defendant had physically abused her and was going to kill her, and she asked for assistance to obtain a peace bond to prevent him from coming near her. Ms. Templet testified that she attempted to obtain aid for the victim. The victim died on April 1, 1987.
Hearsay is an out of court assertion introduced to prove the truth of its content. State v. Weedon, 342 So.2d 642, 646 (La.1977). Hearsay is generally inadmissible because of its historic unreliability and because of the unfairness to the defendant, who cannot test the truth of the statement. See State v. Thompson, 331 So.2d 848 (La.1976). One traditional exception to the rule, however, involves out of court declarations introduced to prove the state of mind of the declarant. State v. Sheppard, 371 So.2d 1135, 1142 (La.1979).
In State v. Martin, supra, the Louisiana Supreme Court discussed the various no-nassertive uses of an out of court statement. Therein, the Court stated as follows:
An out of court statement may be used circumstantially to show its effect on the state of mind of the person who heard the statement. An out of court statement may also be offered to show the speaker’s state of mind. The statement *1177 may be a direct assertion of the speaker’s state of mind or it may indirectly tend to establish that the speaker had a particular state of mind. If the statement is a direct assertion of the speaker’s state of mind, then it is offered for the truth of the matter asserted but it usually falls within an exception to the hearsay rule for declarations of a then existing state of mind. If the statement only indirectly tends to prove a certain state of mind then it is not hearsay because the truth of the assertion and the credibility of the declarant are not relied upon. Rather, the fact that the statement was made, regardless of its truth, is relevant to show the speaker’s knowledge, intent, or some other state of mind. 458 So.2d at 460. [citations omitted]
Although defendant does not specify which portions of Ms. Templet’s testimony he found objectionable, the statements she related contain both direct and indirect evidence of the victim’s state of mind. The victim’s statement that she believed defendant was going to kill her and her request for assistance in obtaining a peace bond indirectly tend to establish the victim’s state of mind and, thus, do not constitute hearsay evidence. State v. Martin, supra. The testimony is admissible if the victim’s state of mind is relevant. The victim’s statement that she was afraid of defendant is direct evidence of her state of mind and does constitute hearsay; however, the testimony is admissible as an exception to the general rule prohibiting the introduction of hearsay evidence if the victim’s state of mind is at issue. See State v. Martin, supra; See, McCormick, Evidence, section 296 (Cleary ed. 1984).
Defendant contends the state of mind of the victim several days before the incident was not at issue because the provocation for the shooting was derived from the actions of the victim’s brother, and not the actions of the victim herself. The state contends, however, that defendant’s claim that he was provoked only by the actions of the victim’s brother does not comport with defendant’s trial strategy, in which he attempted to establish that he and the victim were undergoing domestic problems (thereby mitigating the degree of his culpability). In any event, defendant testified at trial that the victim called him to meet her and, when he did so, she pulled a revolver from her purse and aimed it at him. He testified that her actions, coupled with those of her brother, resulted in his loss of control. Therefore, defendant’s claim that the victim’s state of mind was not at issue because he was provoked only by the actions of the victim’s brother is without merit.
We note, as well, that defendant’s testimony placed the victim’s state of mind at issue. Defendant claimed that the victim called him and requested the meeting, that she voluntarily accompanied him down the pathway, and that he was hugging her when the victim’s brother ran up to them. The victim’s mother testified that she saw defendant accost the victim, twist her arm behind her back, and force her down the pathway. Therefore, evidence of the victim’s state of mind was also relevant to corroborate the testimony of the victim’s mother that the meeting was forced and to show that the victim feared defendant and would have been unlikely to seek his company voluntarily.
However, even if the testimony was not admissible, the improper introduction of such evidence warrants reversal only if it probably resulted in a miscarriage of justice, was prejudicial to the substantial rights of the accused, or constituted a substantial violation of a constitutional or statutory right. State v. Doze, 384 So.2d 351, 354 (La.1980). Admission of this testimony could have prejudiced defendant only if it led the jury to reject his defense. Id. An inference that the victim feared for her life is consistent with defendant’s claim that she requested the meeting with him to “set him up” and that she pulled a firearm from her purse to attack him.
We note, as well, that defendant did not actually offer a specific explanation for his actions. He admitted that he shot the victim; however, he explained that “[t]he reason I shot her is ’cause I loved her, you know, and I was trying to get back together ’cause I wanted to, you know, be with *1178 my family and stuff” and . I shot her ... because I loved her and we had been having family problems and I loved my daughter and stuff.” On cross-examination, defendant specifically testified that the victim did not constitute a threat to him at the time he shot her and that he was not upset because she left him. Defendant also denied that he shot the victim because she refused to live with him. Defendant’s only explanation for the shooting was that he loved the victim. On appeal, he now contends that he shot her because he was provoked by the actions of her brother and, if he had had the time to deliberate, he might have “gone after” the victim’s brother instead. However, evidence that the victim feared defendant would not have caused the jury to reject the defense of provocation.
Moreover, defendant shot the victim in view of her brother. He admitted during the trial that he shot her at least three times. Ballistics evidence established that the gun recovered from defendant’s residence the day after the shooting was the gun that fired the shots that killed the victim. In light of defendant’s confession and the strength of the eyewitness testimony, it is doubtful that the evidence of the victim’s fear would have caused the jury to discredit his defense.
We find, therefore, that the trial court did not err by permitting the state to introduce evidence of the victim’s state of mind during rebuttal testimony. This assignment of error has no merit.
The conviction and sentence are affirmed.
AFFIRMED.

. In the conclusion of his argument relating to this assignment of error, defendant contends that his intent to inflict great bodily harm was mitigated by "sudden passion” or "heat of blood" and, therefore, he is entitled to a verdict of manslaughter, rather than second degree murder.
The proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a post-verdict judgment of acquittal. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). A reviewing court, despite defendant’s failure to proceed properly, must consider the evidence, when briefed pursuant to assignment of error, to determine whether or not it meets the constitutional standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), now codified in La.C.Cr. P. art. 821. State v. Britt, 510 So.2d 670 (La. App. 1st Cir.1987). Herein, defendant did not file a motion for post-verdict judgment of acquittal; nor did he file an assignment of error alleging the evidence is insufficient to support the verdict. In accord with the well-established jurisprudence of the Louisiana Supreme Court, this Court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See State v. Spears, 350 So.2d 603 (La. 1977); State v. Overton, 337 So.2d 1201 (La.1976); State v. Bennett, 517 So.2d 1115 (La.App. 1st Cir.1987). We have considered this argument to the extent that it relates to the error formally assigned.