BARHAM, Justice.
 

 The defendant was charged with forgery (R.S. 14:72), tried, and found guilty of attempted forgery. After conviction and before sentence a bill of information was filed charging him as a fourth felony offender. 'After a hearing the court ruled the defendant to be a fourth felony offender as defined by R.S. 15:529.1 and sentenced him to the state penitentiary for 20 years. He has appealed.
 

 Bill of Exception No. 1.
 

 Bill of Exception No. 1 was reserved when the court denied the defendant’s motion for a preliminary examination. The motion for preliminary hearing was filed after the filing of the information and after bail had been fixed, and made no alie
 
 *637
 
 gation of special circumstances requiring the hearing. Under Code of Criminal Procedure Article 292 it is discretionary with the trial judge to grant or refuse a motion for preliminary examination filed after the filing of the bill of information. From the per curiam of the judge we find no abuse of discretion. Moreover, the denial of this pretrial motion was not prejudicial on the ■question of the defendant’s guilt or innocence since the motion is limited in scope to a determination of probable cause to charge for an offense and fixing of bail. State v. McCoy, this day decided, 258 La. 645, 247 So.2d 562; State v. Pesson, 256 La. 201, 235 So.2d 568 (1970); State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
 

 Bill of Exception No. 2.
 

 This bill was taken when the court denied the defendant’s written motion for a continuance on the basis of the absence of a material witness. The colloquy of the court, the district attorney, and defense counsel is made a part of the bill. Defense counsel and the State were not able to agree upon what the testimony of the absent witness would be. The case had previously been set for trial on May 18, 1970, at which time the requested witness was also absent. The case finally came on for trial on June 10, 1970. Although represented by counsel, the defendant, who had been in jail since November 28, 1969, had filed in proper person numerous motions for a speedy trial during his incarceration. It was' stated that the desired witness was a fugitivé with an outstanding warrant against him in the trial court’s jurisdiction. Since the matter had been continued once to obtain the witness, since no showing was made that the witness would ever be available, and since there was no showing of defendant’s diligence in attempting to obtain the witness, the trial court concluded that a continuance would be of no benefit to the defendant, that delay could possibly prejudice him, and that the continuance was not warranted under the showing. Under the circumstances reflected by the record, we believe the trial court exercised the proper discretion in overruling the motion for continuance.
 

 Bill of Exception No. 3.
 

 This bill was reserved when the trial court denied the defendant’s oral motion for trial by a jury of 12 instead of a jury of five. The defendant contends that his right to trial by jury under the United States Constitution, Sixth Amendment, is a right to trial by a 12-man jury. This question, however, was put at rest in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), which held that a Florida statute requiring a six-man jury in all except capital cases (similar to our Code of Criminal Procedure Article 782 which provides for a five-man jury in
 
 *639
 
 cases in which punishment may or may not be imprisonment at hard labor) was not in violation of Sixth Amendment rights.
 

 Bill of Exception No. 4.
 

 The defendant’s forgery is alleged to have occurred when he attempted to cash a check which he had made falsely and which was imprinted with “Ouachita Finance Company, Inc., 3958 Southern Avenue, Shreveport, Louisiana 71106”. Ouachita Finance is a subsidiary of Sales Finance Company which is located at that address. When the State attempted to prove that the defendant had stolen the Ouachita Finance checks from Sales Finance Company’s office and to prove also that he had used the check-protector in that office to imprint the check he attempted to negotiate, the defendant objected, and reserved Bill No. 4 to the overruling of his objection.
 

 It is apparent that the State was trying to establish a continuing chain of circumstances and facts which constituted the crime of forgery. Evidence of the accused’s possession of the check forms and of his presence on the premises where he had access to and use of the checks and the printing machine was admissible in this prosecution for falsely making or altering a signature upon a writing purporting to have legal efficacy. The forgery here was a continuing offense of which these facts and circumstances were elements.
 

 Bill of Exception No. 5.
 

 This bill was taken when the State offered in evidence a second check, found upon the person of the defendant when he was arrested, similar to the one presented for cashing except for the amount. An essential ingredient of the crime of forgery is specific intent, and the second check would be admissible for the purpose of establishing intent. R.S. 15:445, 446. Moreover, evidence of the defendant’s possession of this check would be admissible as a part of that continuing chain of facts and circumstances of the act of forgery with which he was charged.
 

 Bill of Exception No. 6.
 

 The defendant here complains that his oral statement to the police was involuntary, contending that he was so intoxicated when he gave the statement as to be incapable of waiving his constitutional rights as enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694.
 

 The testimony reflects that the defendant was arrested in the very early hours of the morning, taken to the city jail, given the “Miranda warnings”, asked the normal booking questions, but not interrogated about the offense. No statement was made relating to guilt or innocence by the defendant, and he was booked and incarcer
 
 *641
 
 ated. He was next seen by police officers later that morning and was given the full Miranda warnings immediately after the two investigating officers introduced themselves. Since he appeared, to the officers to be intoxicated, they desisted from interrogation and withdrew. The same officers returned about three o’clock in the afternoon and repeated the full Miranda warnings. The defendant talked with the officers but made no incriminating statements. The following morning at about 10:30 the officers again visited the defendant and repeated the full Miranda warnings. At this time the defendant in conversation or under questioning made an inculpatory statement describing how he had obtained the check forms and used the check-protector, and identifying the check which was the basis of the present charge as well as the other check which had been found on his person. He further admitted that the signatures on the checks were made by him.
 

 The only statement taken from the defendant was made about 36 hours after arrest and at a time when intoxication did not impair his ability to understand his rights and to knowingly waive them. From the record before us we are convinced that he was fully aware of his constitutional right against self-incrimination and of the other privileges accorded him which he must waive before any statement of his could be admitted against him as having been made freely, voluntarily, and without compulsion or inducement. The defendant waived these privileges and made an inculpatory statement which was constitutionally admissible against him on the trial.
 

 Bill of Exception No. 7.
 

 Counsel for defendant attempted to perfect a bill of exception, stating that they had objected to the cross-examination of the defendant about other crimes of which he had been convicted. First, cross-examination about prior convictions is permitted under R.S. IS :495 for the purpose of impeaching the credibility of the witness. However, the State and the attorneys for the defendant have joined in a motion to insert into this record the testimony pertinent to this bill which was not made a part of the bill or incorporated in this record in any fashion. A reading of the pertinent testimony, which is attached to the motion, reflects that the cross-examination was restricted to prior convictions. More importantly, it shows that defense counsel neither objected nor reserved a bill of exception to this testimony.
 

 Bill of Exception No. 8.
 

 This bill was reserved when the trial court refused to declare a mistrial upon the defendant’s contention that the district attorney had argued prior crimes and convictions of the defendant to the jury. We do not have a transcription of
 
 *643
 
 the State’s argument or a per curiam summarizing it. We are therefore unable to pass upon the bill. Moreover, the district attorney and defense counsel may differ, and each may comment in argument upon his understanding and interpretation of the testimony and other evidence in the case, including cross-examination of the defendant.
 

 Bill of Exception No. 9.
 

 This bill, taken to the overruling of a
 
 motion for new
 
 trial, presents matters urged ttnder Bills of Exception Nos. 7 and 8. We have previously discussed these bills and found they did not present reversible error.
 

 ■A number of motions by the defendant in proper person are also filed with this record. They include a “Motion 'for Copy of Transcript”, “Motion To Waive Rights to Louisiana Supreme Court of Appeal Heáring”, “Motion for Probationary Sentence [and] A Motion for Probation Hearing”, and a motion for a new trial. These motions do not properly present anything for our review. However, the minutes show that the trial court considered and overruled each motion. There is no error in these rulings.
 

 Finally, in oral argument counsel for defendant urge that the bill of information charging the defendant as a fourth felony offender constituted double jeopardy. They contend that the first four offenses alleged to have been committed by the accused constituted one offense since he was arraigned and pleaded guilty on the same date to these four offenses. We examine the bill of information for error patent on the face of the record. We observe that the defendant is charged as a fourth felony offender, having committed “Felony Theft on September 16, 1966”, “Felony Theft on September 26, 1966”, “Felony Theft on October 4, 1966”, and “Felony Theft on October 15, 1966”. The defendant pleaded guilty to all four of these charges on February 10, 1967, and was sentenced to one year in the state penitentiary on each charge. It is finally charged that the defendant was convicted of forgery on June 11, 1970 (the present offense), and that a period of five years had not elapsed between the expiration of the maximum sentence of the previous convictions and the time of the commission of the fourth felony for which he was convicted. The bill of information correctly charges the defendant under R.S. 15:529.1 and correctly sets forth convictions of separate offenses which are sufficient for the multiple offender charge. From an examination of the bill of information as well as the other pleadings and proceedings we find no error patent on the face of the record.
 

 The convictions and sentence are affirmed.