304 So.2d 661 (1974)
STATE of Louisiana
v.
Theodore BOATNER.
No. 55067.
Supreme Court of Louisiana.
December 2, 1974.
Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Boatner, was convicted of receiving stolen property in violation of LSA-R.S. 14:69. Under LSA-R.S. 15:529.1, the multiple offender statute, the trial judge sentenced him to imprisonment for a term of twelve years. During the course of the trial, defendant reserved four bills of exceptions, all of which he has abandoned on appeal. On appeal, he relies entirely on the unconstitutionality of the multiple offender statute.
Defendant asserts that LSA-R.S. 15:529.1 violates the prohibition against double jeopardy in Article 1, Section 9 of the Louisiana Constitution (1921) and the Fifth Amendment of the United States Constitution. He reasons that in effect it punishes the offender twice for the same offense.
This Court has previously rejected the identical contention. State ex rel. Williams v. Henderson, La., 289 So.2d 74 (1974); State v. Hardy, 174 La. 458, 141 So. 27 (1932).
In State ex rel. Williams v. Henderson, supra, this Court held:
"We reject the contention that R.S. 15:529.1 is unconstitutional on its face. This statute does not make it a crime to be a multiple offender, but rather merely prescribes that an enhanced penalty be levied against multiple offenders. State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), reversed on other grounds, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409. As an enhancement-of-penalty provision the statute is not unconstitutional as punishing status rather than a crime, nor does it constitute double jeopardy. State v. Jackson, 258 La. 632, 247 So.2d 558 (1971); State v. Vale, supra; Price v. Allgood, 369 F.2d 376 (5th Cir. 1966), cert. denied 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349, rehearing denied, 387 U.S. 939, 87 S.Ct. 2057, 18 L.Ed.2d 1009."
The contested statute creates no independent offense. Rather, it prescribes the circumstances under which there is an enhanced penalty for the current offense.
*662 The additional sentence is for the current offense only. Accordingly, we hold here that defendant's contention is without merit.
For the reasons assigned, the conviction and sentence are affirmed.