307 So.2d 621 (1975)
STATE of Louisiana
v.
Bennie Ray CAIN.
No. 55243.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
Wellborn Jack, Jr., Jack & Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried and convicted of possession of a controlled dangerous substance (cocaine) with intent to distribute. R.S. 40:967. He was sentenced to serve ten years at hard labor. Two bills were reserved at trial. On appeal defendant urges only one bill of exceptions; the other bill is deemed abandoned.

Bill of Exceptions No. 2
This bill was reserved when the trial court denied defendant's motion for a continuance based upon his co-defendants' failure to appear for trial. Defendant and two other men had been charged together and were to be tried jointly, motions for severance having been previously denied. Trial was originally set for April 1, 1974 but was delayed when Cain's co-defendants failed to appear for trial. Bench warrants were issued for the two men, and trial was reset for April 3. On that date, Cain's fellow defendants remained fugitives, and Cain's counsel moved for a continuance based upon the following oral contention:

*622 "If Your Honor please, the reason for my motion which, of course, I am making seriously, because I feel like the other defendants might be willing to testify on behalf of the defendant Bennie Ray Cain; that every effort that I might have made, although I didn't subpoena the co-defendants, that they were represented by counsel, and there seems to have been, or appeared to be a strong presumption that they would be here when the case was set for trial Monday. I just feel like they might be material in this case and that I could have used them by examining these witnesses."
The applicable provision of our law, C. Cr.P. 709, requires that the motion for a continuance based upon absent witnesses must state in writing the following:
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness."
In the present case, the defendant failed to meet the requirements of the article, and was not entitled to a continuance.
In brief defendant contends that the State's theory of prosecution was based upon Cain's constructive possession of cocaine, which the absent co-defendants would have testified belonged to them and not Cain. Nothing in the record indicates that Cain's co-defendants would have supported this contention, or that they would have waived their protection against selfincrimination by testifying at their own trial. There is only the oral statement of counsel quoted above that the other defendants might be willing to testify and that the testimony might be material. The article's first requirement of specifying the expected testimony was not satisfied. Thus, this situation differed from State v. Dickerson, 282 So.2d 456 (La.1973), in which defendant's witness had testified previously and was being held in jail by the State under an alias. None of the other circumstances present in Dickerson, supra, were present in the instant case.
Additionally, the defendant failed to comply with the article's second requirement that he establish the probability that the absent witnesses would be available at a later date. The witnesses were fugitives from justice and not likely to return to face the same charges for which defendant was being prosecuted. There was not a reasonable possibility that Cain would be able to obtain their presence. State v. Jackson, 258 La. 632, 247 So.2d 558 (1971); State v. Chevallier, 169 La. 135, 124 So. 670 (1929); State v. Dundas, 168 La. 95, 121 So. 586 (1929); State v. Taylor, 167 La. 1113, 120 So. 875 (1929).
More important than the failure to comply with the requirements of C.Cr.P. 709 is the lack of substance in appellant's motion.
Defendant had not subpoenaed his co-defendants. The evidence, which defendant attached to his bills of exceptions, details the narcotics transaction involved and depicts the appellant as an active participant in obtaining and arranging for the delivery and sale of the contraband drugs. The argument that the absent defendants might exonerate the appellant finds not the slightest support in the record.
For the reasons assigned, the conviction and sentence are affirmed.

On Application for Rehearing
PER CURIAM.
Counsel on appeal for this defendant was not counsel at trial.