SCHOTT, Chief Judge.
Defendant Samuel Pollard was convicted of armed robbery (R.S. 14:64) and attempted second degree murder (R.S. 14:27 and 14:30.1) and was sentenced to serve ninety-nine years at hard labor and fifty years at hard labor, respectively, sentences to run consecutively. Defendant moved for a new trial which was denied.
On the evening of July 22, 1986, defendant and Eric Boudreaux were in the Glass House Lounge when defendant asked Bou-dreaux to join him outside to talk about Janice Celestine, the defendant’s girlfriend and Boudreaux’s friend. Boudreaux joined defendant and Celestine outside and a fight ensued, during which defendant stabbed Boudreaux above the left arm pit. As Boudreaux tried to run away, he fell, and, as he lay on the ground, the defendant stabbed him in the right arm and ripped three gold chains off of his neck.
At trial the defendant called only Janice Celestine, who testified: She had been at the defendant’s mother’s house when they were informed that the defendant might be in trouble, and she left the house with the defendant’s sister and niece. The fight occurred when defendant became upset because she and Boudreaux had smoked “clickems.” Although she witnessed the fight she did not see any weapons and Boudreaux had not been wearing any jewelry. Her testimony that Boudreaux had not been wearing any jewelry was disputed by prosecution witness Emmett Boudreaux, the victim’s nephew, who testified that gold chains his uncle was wearing earlier in the evening were missing after the attack.
Defendant’s first assignment of error is as follows:
*636 The trial court erred in denying a mistrial when the district attorney told the jury that there was evidence he would like to introduce, but could not under the law, and in closing argument when the prosecution and trial court combined to suggest that evidence of the defendant’s drug habits had been excluded.
Defendant claims that the trial court erred by failing to declare a mistrial because the prosecutor referred to another crime with the following statement during voir dire:
I cannot tell you why it is that it has been a year and a half since the crime happened and we are in court. It really doesn’t have anything to do with you but the law prohibits me from telling you why....
A mistrial shall be ordered when the district attorney ... directly or indirectly refers to another crime committed or alleged to have been committed by the defendant, as to which evidence is not admissible. C.Cr.P. Art. 770. In this instance, the prosecutor’s statement does not make a direct or indirect reference to another crime committed by defendant. Furthermore, this statement does not invite the jury to speculate on other negative behavior exhibited by the defendant and is not prejudicial.
Defendant also contends that the prosecutor made inadmissible and prejudicial statements during defense counsel’s closing argument. During re-direct examination defense counsel had asked Celestine if defendant had ever used “Clickems” and Celestine responded negatively. During closing argument, defense argued:
Well, he certainly can remember whether or not he was smoking clickems with Janice Celestine a few days before which is why her boyfriend was upset. You ever heard anybody come in here and say that Samuel Pollard was smoking click-ems. Janice Celestine says he didn’t use the stuff. You haven’t heard them call any rebuttal witnesses to come in and say oh, yes, I know Samuel Pollard. Yes, he was smoking clickems all the time.
State: That’s because it’s inadmissible and I object to that.
Court: Alright. Alright, the objection is sustained.
Defense Counsel: Excuse me, Your Hon- or?
Court: The objection’s sustained. Defense: Well, I am going to move for a mistrial based upon the D.A.’s comment saying it’s inadmissible, it’s not inadmissible.
Court: Alright, that’s for the court to decide and the court has ruled it is inadmissible.
Since the defense produced evidence that the defendant did not use drugs, rebuttal evidence by the state would have been admissible. Consequently the position taken by the prosecutor and the trial judge that such evidence was inadmissible was wrong. Defendant asserts that the state had no evidence that he used drugs but by means of the ploy that such evidence would be inadmissible the state was able to provide the jury with a clear insinuation that he did use drugs. Defendant also asserts that this maneuver by the state was reinforced by the trial judge and consequently the idea that the defendant used drugs, planted in the minds of the jurors by the state, was expanded by the judge, all to defendant’s prejudice.
We fail to see how this operated to the prejudice of the defendant. The evidence was uncontradicted that Boudreaux was cut in a fight with defendant. Janice Cel-estine herself acknowledged that there was a fight. The only items she added were that 1) she didn’t see a knife; 2) Boudreaux wasn’t wearing jewelry; and 3) defendant started the fight because she and Bou-dreaux were using drugs. Assuming that the jury was wrongfully led to believe that defendant used drugs this had absolutely no bearing on the first and second points made by Celestine. As to the third point the juror’s belief that defendant used drugs might have led them to question Celestine’s testimony that he was righteously indignant over Boudreaux’s using them but this has no relevancy to the question of defendant’s guilt of attempted mur *637 der of Boudreaux by cutting him with a knife and robbery of his jewelry. Indeed, the suggestion that he used drugs may have operated to defendant’s advantage on the issue of specific intent. We conclude that these errors were harmless and this assignment is meritless.
By his second assignment of error, defendant contends that his conviction should be reversed because the jury charge defining “reasonable doubt” is unconstitutional under Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). At the time the charge was given, defense failed to make a contemporaneous objection, thus precluding consideration of this issue on appeal. Application of the plain error exception is also precluded. State v. Dobson, 578 So.2d 533 (La.App. 4th Cir. 1991). This assignment is without merit.
By his third assignment of error, defendant claims that the trial court erred in denying his motion for new trial based upon ineffectiveness of trial counsel. A successful ineffective assistance of counsel claim requires proof that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) reh. den. 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).
First, defendant argues that counsel was ineffective because he failed to impeach the victim’s testimony that he had never used PCP by introducing medical reports indicating that he had abused alcohol and used marijuana. Since these records had no probative value as to the crimes charged and did not serve to contradict his statement that he never used PCP they were inadmissible.
Secondly, defendant claims that trial counsel was ineffective in failing to introduce medical reports and the initial police report to impeach the police officer’s claim that the victim had not immediately provided defendant’s name because he was in shock upon his arrival at the hospital. Defendant contends that medical reports would have shown that he was not so confused at all but he was lying. Furthermore, this would have supported the unpro-duced initial police report showing that the victim either could not or would not identify his assailant, his failure to report all the items of jewelry he claims were stolen, and the police officers’ impression that he was lying.
The evidence that defendant fought with the victim and that the victim got stabbed during the fight was uncontradicted and would not be weakened by the reflections on the victim’s credibility which supposedly would flow from the medical reports and initial police report had they been introduced. Thus, the missing evidence could only impact the robbery charge. The victim testified defendant grabbed his chains while he lay wounded on the ground. His nephew said he was wearing the chains when he left the bar. Celestine said she didn’t see any jewelry on him. The jury resolved this conflict against defendant. Whether the victim was confused or not in the hospital has no bearing on this issue. That the policemen making the incident report had the impression that the victim was lying at the time was clearly inadmissible. The only admissible item left in the initial report having to do with the robbery was the note of the victim’s failure to report all of the items he later claimed were stolen. We fail to see how this inaccuracy by the victim who had been stabbed and was in the hospital for emergency treatment having lost almost one third of his blood could have risen to the point of affecting the jury’s evaluation of the credibility of the defendant, his nephew, and Celes-tine.
Next, defendant claims trial counsel’s ineffectiveness consisted in his failure to call witnesses: one who would say she saw the defendant, her brother, after the fight with no knife and no jewelry; and two others who watched the fight and saw no weapons and could recall the defendant carrying no jewelry away from the fight. A close reading of their testimony reveals that they were all rather vague in saying they saw no weapon but they all realized the victim got stabbed. That they didn’t see defendant with the stolen jewelry after the fight *638 has no probative value. In fact none of these witnesses offered positive testimony that the defendant did not stab the victim and did not steal his chains.
Defendant makes the bold assertion that had trial counsel put in all of this evidence it is unlikely that the jury would have convicted the defendant. We disagree with that assertion and consider it to be rank speculation. For the reasons stated, none of the admissible evidence which defendant claims was negligently withheld from the jury would have made any difference in the outcome of the case had it been introduced. This is so whether such evidence is considered separately or collectively.
Defendant also suggests that the combination of missing evidence and the erroneous reasonable doubt charge brought about an illegal conviction. What has already been said about the weakness of the unin-troduced evidence is sufficient to support the conclusion that the unobjected-to erroneous charge constituted harmless error.
Finally, defendant claims that trial counsel was ineffective because he failed to determine whether the State was prosecuting the attempted second degree murder charge as an attempted specific intent murder or felony murder. Defendant argues that if the State prosecuted the crime as an attempted felony murder, his prosecution was in violation of the Constitutional proscription against double jeopardy.
Second degree murder is the killing of a human being
(1) When the offender has a specific intent to kill or to inflict bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of ... armed robbery ... even though he has no intent to kill or to inflict great bodily harm. R.S. 14:30.1.
By definition, second degree murder can be classified as either a specific intent crime, R.S. 14:30.1(1), or as a felony murder crime, R.S. 14:30.1(2). Because defendant was charged with attempted second degree murder and armed robbery and the jury returned verdicts of guilty as charged, the jury could have found defendant guilty of attempted second degree murder under the specific intent provision or under the felony murder provision.
Though we cannot discern the intent of the jury, the record amply supports a conviction for attempted second degree murder as a specific intent crime under R.S. 14:30.1(1). As such defendant may stand convicted of both second degree murder and the enumerated felony of armed robbery without being placed in double jeopardy. Under these circumstances “any question on appeal should be resolved in favor of the prosecution.” State v. Payton, 496 So.2d 1068, 1073-74 (La.App. 4th Cir.1986), writ den. 541 So.2d 862 (La.1989). We also note that any “attempt” crime is by definition a crime of specific intent. R.S. 14:27(A).
Because we find that defendant was convicted under R.S. 14:30.1(1), and that the record amply supports such a finding, we cannot find that trial counsel’s performance prejudiced the defendant.
Accordingly, the conviction and sentences are affirmed.
AFFIRMED.