648 So.2d 494 (1994)
STATE of Louisiana
v.
Patrick SALONE.
No. 93-KA-1635.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1994.
Harry F. Connick, Dist. Atty., Kim Madere Graham, Asst. Dist. Atty., Rakesh Patel, Law Clerk, New Orleans, for appellee.
Bruce W. Harris, New Orleans, for appellant.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
BARRY, Judge.
The defendant was convicted of armed robbery and attempted second degree murder. He was sentenced to fifty years at hard labor without benefit of probation, parole or suspension of sentence for the armed robbery and fifty years for the attempted murder, the sentences to run concurrently. The issues are 1) whether there was double jeopardy; 2) whether the out-of-court identification of defendant should have been suppressed; and 3) whether the sentence is excessive.
*495 On July 30, 1991 the defendant approached his former employer, Frederick Walker, at Walker's place of business, pointed a gun at Walker and demanded money. Walker placed about $380.00 on the table, then attempted to flee. The defendant prevented Walker from closing the door and Walker pleaded with the defendant to "think about what you are doing." The defendant responded "You should have thought about it when you fired me," then shot Walker in the chest. Walker fell and the defendant shot him in the back.
The defendant fled and Walker called the police and ambulance assistance. When the police arrived, Walker identified the assailant as "Patrick" but could not recall his last name. The defendant had worked for Walker for two weeks about six weeks before the incident and was terminated because of inexperience.
The police investigation revealed the terminated employee's last name and Walker confirmed the defendant's identity as the perpetrator by a single photo identification.
The defendant testified that he was at Lakeside Shopping Mall playing video games on the date and time in question. He testified that he was not angry about losing the job because he found another job a couple of hours later.

DOUBLE JEOPARDY
The defendant asserts that he was subjected to double jeopardy because he was convicted of attempted second degree felony murder and armed robbery. That argument has no merit.
The prohibition against double jeopardy forbids prosecution and conviction for both felony murder and the underlying felony. State ex rel. Wikberg v. Henderson, 292 So.2d 505, 509 (La.1974). See also State v. Stewart, 400 So.2d 633, 635 n. 4 (La.1981). Second degree murder can be either a specific intent crime under La.R.S. 14:30.1(A)(1) or a felony murder crime under R.S. 14:30.1(A)(2). Attempted second degree murder requires specific intent to kill. State v. Strother, 362 So.2d 508 (La.1978); State v. Butler, 322 So.2d 189 (La.1975).
Considering that the defendant shot Walker twice, including once in the back while Walker was on the ground, the record clearly supports a conviction for attempted second degree murder as a specific intent crime under R.S. 14:30.1(A)(1) rather than R.S. 14:30.1(A)(2) the felony murder provision. As such the attempted second degree murder and armed robbery convictions do not constitute two punishments for the crime of armed robbery. State v. Pollard, 585 So.2d 634, 638 (La.App. 4th Cir.), writ den. 588 So.2d 1122 (La.1991). Double jeopardy is not applicable.

MOTION TO SUPPRESS IDENTIFICATION
The defendant claims the trial court erred by denying his motion to suppress his identification because the single photo identification was impermissibly suggestive. That argument has no merit.
Reliability is the "linchpin" of such an identification. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). Walker was the defendant's former employer and was well acquainted with him but did not recall his last name immediately after the shooting. Walker had ample opportunity to view the defendant next to him at the time of the crime. Officer Michael Sposito testified that he discovered the defendant's last name and obtained a photo. He stated that Walker immediately recognized the photograph and confirmed that person was the assailant.
The identification was reliable and there is no substantial likelihood of a misidentification.

EXCESSIVE SENTENCE
The defendant claims that his sentence was excessive and the trial court failed to consider the Louisiana Sentencing Guidelines.
Failure to make or file a motion to reconsider a sentence or to include a specific ground upon which the motion may be based, including excessiveness, precludes the defendant from raising the issue on appeal. La. *496 C.Cr.P. art. 881.1(D). The defendant did not object or move to reconsider his sentence and the claim was not preserved for review.

ERRORS PATENT
We reviewed the record and found no errors patent.
The conviction and sentence are affirmed.
AFFIRMED.