700 So.2d 1322 (1997)
STATE of Louisiana
v.
Leo MARTIN.
No. 97-KA-0319.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 1997.
*1323 Harry F. Connick, District Attorney, Theresa A. Tamburo, Assistant District Attorney, New Orleans, for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, for Defendant/Appellant.
Before ARMSTRONG, LANDRIEU and MURRAY, JJ.
ARMSTRONG, Judge.
Defendant, Leo Martin, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967(C). At his arraignment, defendant pleaded not guilty. Following trial, a six-member jury found the defendant guilty as charged. The State subsequently filed a bill of information charging defendant with being a habitual offender, to which he pleaded guilty after being advised of his rights. The trial court found defendant to be a second felony offender and sentenced him under La. R.S. 15:529.1 to serve forty months at hard labor in the Department of Corrections with credit for any time served in connection with this case. Defendant now appeals, alleging one assignment of error: that his sentence was constitutionally excessive.
The record does not contain an objection to the sentence, nor does it contain a motion to reconsider the sentence pursuant to La. C.Cr.P. art. 881.1(D) which provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
The failure to file a motion to reconsider sentence precludes defendant from raising a claim about the sentence on appeal. State v. Green, 93-1432 (La.App. 4th Cir. 4/17/96), 673 So.2d 262, writs denied, 96-1131, 96-1248 (La.10/496), 679 So.2d 1379, 1380.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.