773 So.2d 234 (2000)
STATE of Louisiana
v.
Brian JONES.
No. 99-KA-2595.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2000.
*236 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY.
KIRBY, Judge.
The defendant, Brian Jones, was charged by bill of information on March 3, 1999, with being a felon in possession of a weapon, a violation of la. R.S. 14:95.1. At his arraignment on March 10, 1999, he pled not guilty. On March 26, 1999, the trial court denied his motion to suppress the evidence and found probable cause. Following a bench trial on May 7, 1999, the court found him guilty as charged. On May 28, 1999, the court sentenced the defendant to ten years at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served, sentence to run concurrent with any other sentence.

STATEMENT OF FACTS
Ms. Kenyatta Watson testified that she was involved in a confrontation with the defendant at a party on January 1, 1999. When she entered the party, the defendant called her a "bitch". She was offended and left the party to tell her mother. Ms. Watson and her mother went to the police station and explained the incident to the officer in charge. Ms. Watson told the officer that although the defendant did not physically harm her, she was afraid of him. Thereafter, police officers accompanied Ms. Watson and her mother to the party to speak to the defendant.
Ms. Mercedes Watson, Ms. Kenyatta Watson's mother, testified that on January 1, 1999, she and her daughter went to the police station and after relating the incident at the party, requested that the officers speak to the defendant. The officers accompanied Ms. Mercedes Watson into the apartment complex while her daughter waited out front. As she and the officers entered the building, the defendant met them on the stairway, and she identified the defendant for the police. When she did, the defendant grabbed for his back pocket, attempting to remove a gun. The police confiscated the weapon.
Officer Wellington Beaulieu testified that on January 1, 1999, he responded to a complaint of a disturbance with threat at 3602 Higgins. Ms. Kenyatta Watson lodged the complaint. Officer Beaulieu went to the address and as he ascended the stairs to the second floor landing, he met the defendant. The defendant reached into his rear pocket, attempting to remove a gun. The officer detained him and removed *237 a fully loaded thirty-eight-caliber handgun from the defendant's back pocket. Officer Beaulieu arrested the defendant.

ERRORS PATENT
A review for errors patent on the face of the record reveals one. The defendant was found guilty of being a felon in possession of a firearm. The penalty for a violation of La. R.S. 14:95.1 mandates a term of imprisonment at hard labor plus a fine of not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B). In failing to impose a fine against the defendant, the trial court rendered an illegally lenient sentence. However, this Court will not correct an error patent favorable to the defendant on appeal where not argued by the State or the defense. State v. Fraser, 484 So.2d 122 (La.1986).

PRO SE ASSIGNMENT OF ERROR NUMBER 1 AND COUNSEL ASSIGNMENT OF ERROR NUMBER 1
In this assignment, the defendant argues that the trial court erred in denying his motion to suppress the evidence. He maintains that the police lacked reasonable suspicion to stop him and therefore, the evidence should have been suppressed.
On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Jones, 97-2217 (La.App. 4th Cir. 2/24/99), 731 So.2d 389, writ denied, 99-1702 (La.11/5/99), 751 So.2d 234. A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony. Jones, supra.
"A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense..." La.C.Cr.P. art. 215.1; State v. Bentley, 97-1552, p. 7 (La.App. 4th Cir. 10/21/98), 728 So.2d 405, 410 writ denied, 98-3213 (La.5/7/99), 741 So.2d 27. Evidence derived from an unreasonable stop, i.e., seizure, will be excluded from trial. State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988, 989. "Reasonable suspicion" is something less than the probable cause needed for an arrest, and must be based upon particular articulable facts and circumstances known to the officer at the time the individual is approached. State v. Williams, 98-3059 (La.App. 4th Cir. 3/3/99), 729 So.2d 142, 144; State v. Smiley, 99-0065 (La.App. 4th Cir. 3/3/99), 729 So.2d 743, 745, writ denied, 99-0914 (La.5/14/99), 743 So.2d 651. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In addition, once reasonable suspicion is found, paragraph (B) of art. 215.1 provides:
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
See also State v. Hunter, 375 So.2d 99 (La.1979). "The officer need not be absolutely certain that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger." State v. Smith, 94-1502 (La.App. 4th Cir. 1/19/95), 649 So.2d 1078, 1082.
At the hearing on the motion to suppress in this case, Officer Beaulieu[1] testified that he accompanied Ms. Mercedes *238 Watson to an apartment complex in response to a "disturbance complaint with threat" lodged by her daughter, Kenyatta Watson. Therefore, believing that a crime had been committed, the officer had reasonable suspicion to stop the defendant. La.C.Cr.P. art. 215.1. However, as the officer and Ms. Watson ascended the stairs, they saw the defendant. Officer Beaulieu had not yet detained, or even spoken to, the defendant before he (the defendant) reached into his back pocket for a gun. Hence, it is questionable whether a stop occurred prior to the defendant's reach for his gun. Nevertheless, once the defendant did reach for his weapon, Officer Beaulieu was legally authorized to seize both the defendant and the weapon. La.C.Cr.P. art. 215.1(B). This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 2
In this assignment of error the defendant complains that his sentence is excessive and that the trial court failed to comply with the sentencing mandates of La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 881.1 provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
The failure to file an oral or written motion to reconsider sentence precludes a defendant from raising a claim about his sentence on appeal. State v. Martin, 97-0319, p. 1 (La.App. 4th Cir. 10/1/97), 700 So.2d 1322, 1323; State v. Green, 93-1432, pp. 5-6 (La.App. 4th Cir. 4/17/96), 673 So.2d 262, 265, writs denied, 96-1131, 96-1248 (La.10/4/96), 679 So.2d 1379, 1380.
In this case, the defendant failed to file a motion to reconsider sentence or object to the sentence in any way. Thus, he failed to preserve this assignment for appeal. This assignment is meritless.

PRO SE ASSIGNMENT OF ERROR NUMBER 3
In this third assignment of error, the defendant argues that he was denied effective assistance of counsel. The basis of his argument is that his attorney failed to cross-examine witnesses at trial and did not adequately investigate his case.
Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Smith, 97-2221, p. 14 (La.App. 4th Cir. 4/7/99), 734 So.2d 826, 834, writ denied, 99-1128 (La.10/1/99), 747 So.2d 1138. Only if the record discloses sufficient evidence to rule on the merits of the claim does the interest of judicial economy justify consideration of the issues on appeal. Id. at 834-35.
The defendant's claim of ineffective assistance of counsel is to be assessed by the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that this deficiency prejudiced him. The defendant must make both showings to prove that counsel was so ineffective as to require *239 reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992). Counsel's performance is not ineffective unless it can be shown that he or she made errors so serious that he or she was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment of the federal constitution. Strickland, supra, at 686, 104 S.Ct. at 2064. That is, counsel's deficient performance will only be considered to have prejudiced the defendant if the defendant shows that the errors were so serious that he was deprived of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693, 104 S.Ct. at 2068. It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3d Cir. 7/25/84), writ denied 457 So.2d 1200 (La.1984).
As for the defendant's assertion that his defense counsel failed to cross-examine witnesses at trial, the trial transcript indicates otherwise. Defense counsel cross-examined Ms. Kenyatta Watson and her mother, delving into the witnesses' recollection of facts, attempting to uncover inconsistencies in their testimony. Moreover, defense counsel vigorously cross-examined Officer Beaulieu as to the contents of his police report, the officer's basis for stopping the defendant and the facts surrounding the seizure of the weapon.
Turning to the defendant's allegation that defense counsel did not adequately investigate the case, the defendant fails to particularize what counsel should have done but failed to do, and how the omission prejudiced him. In order to state an actionable claim of ineffective assistance, the defendant must make a specific showing of prejudice. Brogan, 453 So.2d at 328. This assignment is without merit.

COUNSEL ASSIGNMENT OF ERROR NUMBER 2
By this assignment of error, the defendant contends that his constitutionally guaranteed right to a jury trial was violated. He contends that there is no indication in the record that the court addressed him on the matter or that he personally, in writing or in open court, waived the jury.
Both the United States Constitution and the Louisiana Constitution expressly guarantee the criminally accused the right to a jury trial. U.S. Constitution Amendment VI; La. Constitution Article I, § 16, 17. Article 780 of the Louisiana Code of Criminal Procedure provides that:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.

* * *
La.C.Cr.P. art. 780. The waiver of the right to a jury trial cannot be presumed. State v. McCarroll, 337 So.2d 475 (La. 1976). The waiver must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused. State v. Smith, 447 So.2d 4, 5 (La.App. 3d Cir.1984).
In this case, the record indicates that on April 7, 1999, the judge personally addressed the defendant advising him of his right to either a judge or jury trial. The defendant orally waived in court, in the presence of his attorney, his right to a jury trial. This assignment is without merit.

COUNSEL ASSIGNMENT OF ERROR NUMBER 3
In this assignment, the defendant contends the State failed to prove him *240 guilty beyond a reasonable doubt because the proof of his identity as to a prior conviction is insufficient.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In order to convict a defendant of being a felon in possession of a firearm pursuant to La. R.S. 14:95.1, the State must prove possession of a firearm, conviction of one of the enumerated felonies, that ten years has not elapsed since completion of the sentence and general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983).
In this case, Officer Glen Burmaster, an expert in fingerprint identification, testified that he took the defendant's fingerprints in court prior to trial. He identified exhibit S-1 as the card containing those fingerprints. Officer Burmaster then identified exhibit S-3 as a certified copy of an arrest register for Brian Jones dated October 15, 1998, arrest number 01653301 for the charge of possession of crack cocaine. He compared the fingerprints on S-1 with the fingerprints on the back of S-3, and concluded that the prints on both exhibits were made by the same person, the defendant. Next, the officer identified exhibit S-5, the certified conviction packet for Brian Jones, containing an arrest register identical to exhibit S-3, minute entry, docket master, bill of information, and waiver of constitutional rights for the conviction of possession of crack cocaine. Viewing the evidence in the light most favorable to the prosecution, the State proved the defendant a previously convicted felon. This assignment is without merit.
For these reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] For some unknown reason, Officer Wellington Beaulieu is referred to as "Warren Boulay" during the suppression hearing.