I n Judge STEVEN R. PLOTKIN.
The issues in this appeal are whether the evidence was insufficient to support the conviction and whether the defendant received ineffective assistance of counsel. For the reasons that follow, we affirm the decision of the trial court.
PROCEDURAL HISTORY
Defendant, Eddie D. Johnson, was charged with one count of forgery, a violation of La. R.S. 14:72. At his arraignment Johnson entered a not guilty plea. The trial court found probable cause and denied Johnson’s motion to suppress the evidence. A six-member jury found Johnson guilty of attempted forgery, a violation of La. R.S. 14:(27)72. Thereafter, the State filed a multiple bill of information charging Johnson as a third felony offender. The State subsequently amended the multiple bill to charge Johnson as a second felony offender. Johnson pled guilty to the multiple bill and was sentenced to ten years without benefit of probation or suspension of sentence, with credit for time served.
STATEMENT OF FACTS
James J. Brothers, Jr., a Harrah’s Casino blackjack dealer, encountered the de *285 fendant on the night of March 2, 2000, when the defendant handed him a one hundred dollar bill, and requested change. Brothers followed normal casino procedure and examined the bill, noting the irregular color and texture of the bill. 12Brothers told the defendant the bill was no good. The defendant tendered another one hundred-dollar bill, which Brothers noted bore the same serial number as the first one hundred-dollar bill. Brothers advised the defendant that bill also was no good. Brothers signaled his floor supervisor that he had a problem. The floor supervisor notified security. The defendant then gave Brothers two twenty-dollar bills, which were authentic, and began to play blackjack. The defendant told Brothers he received the bogus bills from the bank.
Louisiana State Troopers Hiram L. Mason and Robert Mire responded to the call from Harrah’s Casino concerning a suspect passing counterfeit currency at one of its gaming tables. When Mason spoke to the defendant at the blackjack table, he retrieved three one hundred-dollar bills from the defendant, and also confiscated the two one hundred-dollar bills which Harrah’s employee, James Brothers, Jr., had placed on the table. Mason examined all of the bills and he determined that the currency was counterfeit. As Mason and the defendant stepped away from the table, the defendant told Mason he received the bills when he cashed a check at a check cashing office earlier in the day.
Mason escorted the defendant downstairs to the casino’s detention room for further questioning. The defendant became agitated. Mason asked him to have a seat and calm down. The defendant refused Mason’s repeated requests to be seated, so Mason arrested him, read him his Miranda rights, handcuffed him, and placed him in a chair. At first, the defendant refused to give Mason his name. A few minutes later, the defendant gave Mason a fictitious name, bogus social security number and false date of birth. When Mason asked the defendant a second time where he got the currency, the defendant responded that he received the cash in payment of a contracting job. Mason booked the defendant under his | fictitious name. As the defendant was processed at central lockup, fingerprint analysis identified him as Eddip Johnson. Mason placed the fake currency in an envelope, and deposited it at the NOPD evidence and property room. Both troopers testified that Mr. Johnson appeared to have been drinking that night but that he was coherent. Mason testified that the defendant was slightly intoxicated and that he did not recall him stumbling.
The defendant testified that he is an alcoholic, an ex-drug user and has two previous criminal convictions. He stated that he does construction work for a living. On the day he was arrested, he had finished two jobs, receiving payment in cash and by check. He went on to explain that on that day, he and a friend started drinking gin and beer at about 4:00 p.m. Around 9:00 p.m. that night, he and his friend decided to go to Harrah’s Casino. Johnson stated that he remembered the State Troopers questioning him but did not recall what he told them because he was drunk. He denied knowing that the one hundred-dollar bills were counterfeit, and denied intending to defraud Harrah’s Casino.
ERRORS PATENT
A review of the record shows no errors patent.
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment, the defendant maintains that the evidence is insufficient to support the conviction because it failed to show that the defendant had the requisite intent to defraud.
*286 The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find Uthe essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291.
The forgery statute, La. R.S. 14:72, defines two types of acts which constitute a violation of the statute as follows:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
For purposes of the forgery statute, “writing” means “money ... ”. La. R.S. 14:72 C(2)(b). An essential ingredient to the crime of forgery is the specific intent to defraud. State v. Wade, 375 So.2d 97 (La.1979); State v. Jackson, 258 La. 632, 247 So.2d 558 (1971); State v. Durham, 32-154 (La.App. 2 Cir. 8/20/99), 748 So.2d 1.
Specific intent is defined as that “state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). See also State v. Hebert, 2000-1052 (La.App. 4 Cir. 4/11/01), 787 So.2d 1041, 1050; State v. Hall, 98-0667 (La.App. 4 Cir. 12/22/99), 750 So.2d 1105. Specific intent need not be proven as fact, but may be inferred from the circumstances and actions of the defendant. State v. Ricard, 98-2278, 99-0424 (La.App. 4 Cir. 1/19/00), 751 So.2d 393, writ denied, Richard v. State, 2000-0855 (La.12/8/00), 775 So.2d 1078.
Attempt is defined in La. R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
[[Image here]]
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it | .^appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
Initially, the defendant in this case argues that the State failed to present any competent evidence to prove that the bills were counterfeit. He points out that the State presented only the opinions of State Police Trooper Mason and Harrah’s employee, James Brothers, neither of whom was qualified as an expert on the subject of recognizing counterfeit currency. The defendant did not make a contemporaneous objection to this alleged error. It was therefore not preserved for appellate review. La.C.Cr.P. art. 841. In addition, two of the bills had the same serial number, proving at least one was counterfeit.
Secondly, the defendant asserts that rational jurors would not have believed that he knew the bills were counterfeit prior to being told. He also claims rational jurors would have accepted his explanation for possessing the counterfeit currency and thus could not have believed he possessed the requisite intent to defraud.
*287 In this case, the evidence shows that the defendant gave a Harrah’s employee two counterfeit bills and requested change. During questioning by the State Police, the defendant produced three more counterfeit one hundred-dollar bills, and offered conflicting explanations for his possession of the counterfeit currency. He became agitated and uncooperative. The defendant refused to give the State Police his name. When he finally did offer identification, he gave the troopers a false name, bogus social security number and false date of birth. The jury found the defendant’s explanation incredible. A reviewing court is not called upon to decide whether it believes the witnesses, and credibility decisions by the jury should not be disturbed unless such findings are clearly contrary to the evidence. State v. Ash, 97-2061 (La.App. 4 Cir. 2/10/99), 729 So.2d 664. Viewing |fithe evidence in the light most favorable to the State, the evidence is sufficient to support the defendant’s conviction for attempted forgery.
ASSIGNMENT OF ERROR NUMBER 2
In this assignment, the defendant argues ineffective assistance of counsel in defense counsel’s failure to object when Trooper Mason and James Brothers testified that the one hundred-dollar bills were counterfeit, as neither witness had been qualified as an expert on the subject.
Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted. State v. Smith, 97-2221 (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 834. Only if the record discloses sufficient evidence to rule on the merits of the claim does the interest of judicial economy justify consideration of the issues on appeal. Id. at 834-35.
The defendant’s claim of ineffective assistance of counsel is to be assessed by the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that this deficiency prejudiced him. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La. App. 4 Cir.1992). Counsel’s performance is not ineffective unless it can be shown that he or she made errors so serious that he or she was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment of the federal constitution. Strickland, supra, at 686, 104 S.Ct. at 2064. That is, counsel’s deficient performance will only be considered to have prejudiced the defendant if the defendant shows that the errors were so serious that he was |7deprived of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 693, 104 S.Ct. at 2068. It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Jones, 99-2595 (La.App. 4 Cir. 11/8/00), 773 So.2d 234, writ denied 2001-0476 (La.1/4/02), 805 So.2d 1194.
At the hearing on the motion to suppress the evidence in this case, the State elicited testimony from Trooper Mason attesting to his experience and expertise in identifying counterfeit currency. Mason testified that he completed courses offered by the U.S. Secret Service in which he was taught the specifics of examining *288 currency to determine its authenticity. He testified that the bills used by the defendant were poor quality, looked like they had been cut with scissors and had the same serial number. Defense counsel neither objected to, nor cross-examined, Trooper Mason’s credentials on the subject. This Court has held that trial judges have great latitude in deciding whether a prospective expert has the competence, background, and experience to qualify as an expert. State v. Brauner, 99-1954 (La.App. 4 Cir. 2/21/01), 782 So.2d 52. This Court has further stated that the trial courts are vested with great discretion in determining the competency of an expert witness, and the rulings on the qualification of a witness as an expert will not be disturbed unless there was an abuse of discretion. Id. The trial judge accepted Mason’s testimony on the issue of the counterfeit currency, and this Court is entitled to rely upon that determination.
|sAs for James Brothers’ testimony, the record is void of his qualifications concerning the identification of counterfeit currency. He noted that both one hundred-dollar bills bore the same serial numbers and that the holograms on both bills were suspicious in color and placement. Even if the trial court erred in admitting Brother’s testimony as that of an expert, his testimony was cumulative, and the error was harmless. The State proved the currency was counterfeit through the testimony of Trooper Mason.
CONCLUSION
For the foregoing reasons, we find that the evidence was sufficient to support the conviction of attempted forgery. The defendant failed to show that defense counsel was ineffective in failing to object to the testimony of Trooper Mason and James Brothers.
Therefore, defendant’s conviction and sentence are affirmed.

AFFIRMED.