JjMICHAEL E. KIRBY, Judge.
This appeal concerns a resentencing only. Because we find no error, we affirm the appellant’s sentence.
Jerome Hulbert was found guilty of one count of distribution of cocaine by a twelve-person jury on March 6, 2001. On August 22nd he was sentenced as a third offender to serve twenty years at hard labor. Both Hulbert and the State appealed his sentence. This Court affirmed the conviction and vacated Mr. Hulbert’s adjudication as a third offender as well as his sentence and remanded the case for resen-tencing.[1] State v. Hulbert, 2001-2174 (La.App. 4 Cir. 10/30/02), 832 So.2d 337.
The facts of the case are not relevant.
Mr. Hulbert submitted a brief in which he argues that (1) the district court erred in denying the motion to suppress the evidence and (2) the evidence was insufficient to support the conviction; however, his conviction was affirmed in his earlier appeal, and this appeal is from resentenc-ing only. Therefore, we cannot consider his arguments.
|2In an assignment of error through counsel, the defendant argues that his fifteen-year sentence as a second offender is excessive.
At the sentencing hearing on April 4, 2003, the district court announced that the State had filed a double bill against Mr. Hulbert and then asked the defendant if he had reviewed the document. Mr. Hul-bert answered affirmatively. The district court then questioned Mr. Hulbert about his decision to plead guilty to the multiple bill. After going through each of his Boy-kin rights, the court asked:
Do you understand that the sentencing range as a multiple offender in this case is a minimum of 15 to a maximum of 60 years and the sentence you will receive will be 15 years at hard labor?
The defendant then answered that he understood. The court next pointed out that Mr. Hulbert was not eligible for parole because he has two prior felony convictions and that his sentence was to be imposed without benefit of probation or suspension of sentence for the first five years, and again Mr. Hulbert responded that he understood.
We note that Mr. Hulbert received the minimum sentence that could be imposed on a second offender under La. R.S. 40:967(B) and La. R.S. 15:529.1. Further, the defendant entered a guilty plea to the multiple bill in which he acquiesced to a fifteen-year sentence.
The first question is whether the issue raised was preserved for appeal. A review of the appellate record reveals that the defendant did not object to the sentence or file a motion to reconsider the sentence as *1247 required by La.C.Cr.P. |sart. 881.1. In the absence of such an objection or filing of a written motion for reconsideration of sentence, he is precluded from urging any ground of objection to the sentence.[2] See La.C.Cr.P. art. 881.1(D); State v. Robinson, 98-1606, p. 9 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 125; State v. Martin, 97-0319, p. 1 (La.App. 4 Cir. 10/1/97), 700 So.2d 1322, 1823; State v. Green, 93-1432, pp. 5-6 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, 265; State v. Salone, 93-1635, p. 4 (La.App. 4 Cir. 12/28/94), 648 So.2d 494, 495-96.
Accordingly, the defendant’s sentence is affirmed.
AFFIRMED.

. This Court found that, although the defendant had not been adjudicated a multiple offender, he was sentenced as a third offender under La. R.S. 15:529.1.

. In its brief the State refers to several Supreme Court cases decided prior to the enactment of La.C.Cr.P. art. 881.1 in 1991 where the issue of excessiveness was preserved for appellate review even though no motion for reconsideration of sentence was filed and no objection was made at sentencing. However, in State v. Mims, 619 So.2d 1059 (La.1993), the Supreme Court held that a defendant must file a motion to reconsider the sentence within thirty days of sentencing in which he sets forth specific grounds of error. If the defendant does- not allege a specific ground for excessiveness in his motion, then he is limited to a bare claim of excessiveness. In the case at bar, the defendant did not object that his sentence was excessive at the time when the district court had jurisdiction to change or correct it; thus, this court cannot consider the argument.